STATE OF CONNECTICUT *v.* RITZ REALTY
CORPORATION ET AL.
(AC 20456)

Foti, Mihalakos and Dupont, Js.

Argued February 16—officially released May 29, 2001

*Andrew L. Houlding,* for the appellants (named defendant et al.).

*Stephen R. Park,* assistant attorney general, with whom were *Thomas J. Saadi,* assistant attorney general, and, on the brief, *Richard Blumenthal,* attorney general, and *Jessica Gauvin,* assistant attorney general, for the appellee (state).

*Opinion*

FOTI, J. The defendants[1] appeal from the judgment rendered for the plaintiff, the state of Connecticut, and from the denial of the defendants' motion to open the judgment of the trial court, which was rendered after a hearing in damages. They claim that the court abused its discretion in denying the motion.[2] We affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. The plaintiff commenced this action

---

[1] The defendants are Ritz Realty Corporation and Shlomo Oz. A third defendant, Quality Towing Corporation, did not join in the motion to open the judgment that was filed by Ritz Realty Corporation and Shlomo Oz, and, therefore, has not appealed from the court's denial of that motion.

[2] The defendants also claim that the court failed to consider and rule on their alleged defenses, which they allege may have implicated subject matter jurisdiction, and therefore abused its discretion in proceeding to deny their motion to open. In view of our affirmance of the court's judgment, we need not address the claim further.

in four counts,[3] seeking injunctive relief, restitution, civil penalties and other appropriate relief pursuant to the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. The defendants appeared through counsel and answered the complaint.[4] Thereafter, the court provided the parties with a schedule for completing discovery. The defendants did not respond to the plaintiff's discovery requests. On August 16, 1999, the court granted the plaintiff's motion for sanctions, pursuant to Practice Book § 13-14, and entered a default against all of the defendants. The court scheduled a hearing in damages for November 5, 1999, at which time the defendants' attorney appeared on behalf of the defendants. At the conclusion of the hearing, the court rendered judgment against all of the defendants after finding that it had subject matter jurisdiction pursuant to General Statutes § 42-110m.[5] The

---

[3] Although it is not necessary to do so, we briefly summarize the plaintiff's allegations as follows: The defendant Ritz Realty Corporation owns and operates a retail shopping center in Norwalk known as Riverview Plaza, which is managed and supervised by the defendant Shlomo Oz. In May, 1998, it hired the defendant Quality Towing Corporation, a New York company, which is not licensed or authorized to transact business in Connecticut, to enforce "parking rules" in the shopping center. The defendants implemented and executed certain practices against persons whom they believed had violated the rules. Specifically, the defendants immobilized any vehicle thought to be in violation of those rules with a wheel-locking tire boot. The defendants required members of the public, whose cars were "booted," to pay a "release fee" of $125 to them before they would remove the device. In addition, the defendants required the owners or operators of booted vehicles to sign written statements admitting that they had parked their cars in an illegal manner on private property and that they were waiving all rights to any legal action against the defendant Quality Towing Corporation. The plaintiff alleged that those practices violated Connecticut statutes, including the Connecticut Unfair Trade Practices Act, and public policy.

[4] The defendants did not file special defenses with their pleading. The same attorney, Abram Heisler, represented all three defendants in this action.

[5] General Statutes § 42-110m (a) provides in relevant part: "Whenever the commissioner has reason to believe that any person has been engaged or is engaged in an alleged violation of any provision of this chapter said commissioner may proceed as provided in sections 42-110d and 42-110e or may request the Attorney General to apply in the name of the state of Connecticut to the Superior Court for an order temporarily or permanently

defendants had argued that the court lacked subject matter jurisdiction because the plaintiff had failed to exhaust its administrative remedies, pursuant to General Statutes § 42-110d (d), before bringing its action in the Superior Court. We conclude that the plaintiff had the option of proceeding as it did in the Superior Court under § 42-110m (a) and that, given the terms of that statute, the plaintiff did not have to exhaust its administrative remedies prior to commencing an enforcement action in the Superior Court. See *Civil Aeronautics Board* v. *Modern Air Transport, Inc.*, 81 F. Sup. 803, 806 (S.D.N.Y. 1949), aff'd, 179 F.2d 622 (2d Cir. 1950). The court, therefore, possessed subject matter jurisdiction. Its award included injunctive relief as sought, and $231,870 in restitution and civil penalties. The defendants' attorney allegedly did not inform the defendants of the discovery request, the entry of default or the scheduling of the hearing in damages.

Pursuant to General Statutes § 52-212,[6] the defendants, having retained new counsel, filed a motion to

restraining and enjoining the continuance of such act or acts or for an order directing restitution and the appointment of a receiver in appropriate instances, or both. Proof of public interest or public injury shall not be required in any action brought pursuant to section 42-110d, section 42-110e or this section. The court may award the relief applied for or so much as it may deem proper including reasonable attorney's fees, accounting and such other relief as may be granted in equity. . . ."

[6] General Statutes § 52-212 provides: "(a) Any judgment rendered or decree passed upon a default or nonsuit in the Superior Court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense.

"(b) The complaint or written motion shall be verified by the oath of the complainant or his attorney, shall state in general terms the nature of the claim or defense and shall particularly set forth the reason why the plaintiff or defendant failed to appear.

open the judgment, asserting the existence of good defenses. They further submitted that the alleged negligence of their attorney prevented them from asserting those defenses and that this negligence constituted mistake, accident or other reasonable cause for purposes of § 52-212. The court denied the motion, concluding that "[i]t is well settled that negligence of a party or his counsel is insufficient to obtain relief under § 52-212." This appeal followed.

We first set forth our standard of review. "A motion to open and vacate a judgment filed during the four months after which judgment was rendered is addressed to the court's discretion, and the action of the trial court will not be disturbed on appeal unless it acted unreasonably and in clear abuse of its discretion." (Internal quotation marks omitted.) *Acheson* v. *White*, 195 Conn. 211, 214–15, 487 A.2d 197 (1985). We will indulge every reasonable presumption in favor of affirming the judgment. *Celanese Fiber* v. *Pic Yarns, Inc.*, 184 Conn. 461, 466–67, 440 A.2d 159 (1981).

A motion to set aside a default judgment is governed by Practice Book § 17-43 and General Statutes § 52-212. "Section 52-212 requires a party moving for the opening of a judgment to make a two part showing that: (1) a good defense existed at the time an adverse judgment was rendered; and (2) the defense was not at that time raised by reason of 'mistake, accident or other reasonable cause.' " *In re Baby Girl B.*, 224 Conn. 263, 284, 618 A.2d 1 (1992).

A court should not open a default judgment in cases where the defendants admit they received actual notice and simply chose to ignore the court's authority. *Black*

"(c) The court shall order reasonable notice of the pendency of the complaint or written motion to be given to the adverse party, and may enjoin him against enforcing the judgment or decree until the decision upon the complaint or written motion."

v. *Universal C.I.T. Credit Corp.*, 150 Conn. 188, 194, 187 A.2d 243 (1962). "Negligence is no ground for vacating a judgment, and it has been consistently held that the denial of a motion to open a default judgment should not be held an abuse of discretion where the failure to assert a defense was the result of negligence." *Pantlin & Chananie Development Corp.* v. *Hartford Cement & Building Supply Co.*, 196 Conn. 233, 240–41, 492 A.2d 159 (1985). Negligence of a party or his counsel is insufficient for purposes of § 52-212 to set aside a default judgment. *Segretario* v. *Stewart-Warner Corp.*, 9 Conn. App. 355, 363, 519 A.2d 76 (1986); see also *Jaquith* v. *Revson*, 159 Conn. 427, 270 A.2d 559 (1970).

The defendants argue that their counsel's negligence was "gross" or "wilful" and, therefore, constitutes "reckless conduct."[7] They further argue that the court should have considered such conduct legally sufficient as "mistake, accident or other reasonable cause" to open the judgment pursuant to § 52-212. The court did not address the defendants' claim that their counsel's alleged negligence constituted "reckless conduct" and that such conduct justified opening the judgment. The defendants did not file a motion for articulation or rectification with this court after the trial court filed its memorandum of decision. In the absence of an adequate record, we decline to review that claim. See *Porter* v. *Porter*, 61 Conn. App. 791, 802, 769 A.2d 725 (2001). Even if we were to review the claim and assume reckless conduct, the defendants have failed to furnish this court with any authority to treat the existence of reckless conduct differently from the existence of negligent conduct in considering a motion to open a judgment.

---

[7] The defendants have indicated in their brief that they are proceeding with a legal malpractice claim against Heisler. That claim is not part of the record before us. The record discloses that counsel entered his appearance for all defendants, filed an answer, attended a pretrial conference, produced some business records as informal discovery and represented the defendants at the hearing in damages.

We conclude that the court properly determined that the defendants did not show that any defense was not at the time raised by reason of "mistake, accident or other reasonable cause." Therefore, the court was not required to address whether a good defense existed at the time it rendered judgment.[8]

The judgment is affirmed.

In this opinion the other judges concurred.