[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 16235
On February 3, 1999, the plaintiffs, Perkin-Elmer Corporation (Perkin-Elmer) and American Guarantee and Liability Insurance Company (American Guarantee), filed motion #108 (appearing on the short calendar of August 23, 2001, col. 20, pos. 231) to open or set aside a judgment of dismissal that entered on May 22, 1998 "for failure to mark the calendar ready on the May 22, 1998 jury assignment calendar." The defendant, Haworth, Inc., opposes this motion on the basis that it was not filed within four months of the date when judgment was rendered and/or when notice of the entry of said judgment was sent to the plaintiffs as required by both General Statutes §§ 52-212 (a) and 52-212a, as well as Practice Book § 17-4.
The plaintiffs claim that they did in fact move to open and set aside the judgment within four months after their receipt on January 15, 1999, from the office of defendant's attorneys, of notice of the entry of said judgment. The defendant contends that the plaintiffs received notice of the judgment directly from the court at the same time it did, that is, within a few days of May 22, 1998.
The underlying case is a subrogation claim by the co-plaintiff, American Guarantee, which paid the named plaintiff for fire damage caused by electrical panels furnished to Perkin-Elmer by the defendant. The writ and complaint were signed by a John M. Limotte, an attorney with a Connecticut juris number, who gave as his address the law firm, Clausen Miller P.C., One Chase Manhattan Plaza, in New York City.
The motion to set aside the dismissal, which is dated January 26, 1999, is signed by another attorney for Clausen Miller, David S. Prebut, who states that Mr. Limotte left Clausen Miller "approximately one year or more prior to the filing of this motion." Mr. Prebut's motion also states that Clausen Miller never received any notices of court calendars or the order of dismissal. The motion also claims that the defendant "has not provided a copy of the order of dismissal bearing the Clausen Miller address." The file and the court computer both indicated that Mr. Prebut, who is also no longer with the Clausen Miller firm, did not file a notice of appearance. On March 23, 2001, another appearance for the plaintiffs was filed, this time by "Clausen Miller P.C. by Anthony J. DiFiore." In other words, the only appearances for the plaintiffs are first, Mr. Limotte and now Mr. DeFiore, both of Clausen Miller.
A hearing was held on this motion to set aside the dismissal at which time the current attorney for the plaintiffs, A. J. DiFiore, represented that notices of dormancy and other notices were not received by Clausen Miller; that all such notices were directed to the plaintiffs' former CT Page 16236 counsel, Mr. Limotte; that no one at Clausen Miller knew of the judgment until January 15, 1999, when counsel for the defendant forwarded a copy of the notice of judgment to that law firm; and that within four months of receiving this notice, the plaintiffs filed a motion to vacate or set aside the judgment of dismissal.
Mr. DiFiore's notice of appearance states that it is in lieu of an appearance by the firm "Bodine, Hurwitz and Weins," also of New York City, but the court file does not contain an appearance of that firm. There was some speculation that Mr. Limotte might be with this firm, but Mr. DiFiore was not able to state whether there was such a connection with any degree of certainty.
The defendant contends that it is obvious that either the law firm of Clausen Miller did not make arrangements for another one of its attorneys to handle this litigation after Mr. Limotte departed, or Mr. Limotte took the file with him but never filed a change of address. The plaintiffs state that it is "possible" that if any notices were received by Clausen Miller they were forwarded directly to Mr. Limotte by mail room personnel. Clausen Miller, the New York firm, has not filed and could not file a notice of appearance. The appearances were filed by the two lawyers who are admitted to practice in this state. Mr. Limotte used the firm's New York City address. Mr. DeFiore uses a White Plains address. Attached to this memorandum is a copy of the court's record regarding appearances and no one has appeared on the plaintiffs' behalf except Mr. Limotte and Mr. DeFiore, who filed his appearance on March 21, 2000. (Attachment A).
A motion to set aside a default judgment is governed by General Statutes § 52-212 and Practice Book § 17-43. General Statutes § 52-212 provides that a party must show that a good cause of action exists and that the movant was prevented from presenting the cause of action by reason of mistake, accident or other reasonable cause. Statev. Ritz Realty Corp., 63 Conn. App. 544, 548, 776 A.2d 1195 (2001). "Negligence is no ground for vacating a judgment." Id., 549.
Thus, to rule on the plaintiffs' motion it is first necessary to determine whether notice of the entry of judgment of dismissal was sent to counsel for the plaintiffs, and if so, when such notice was sent. The defendant filed as an exhibit a "Judgment of Dismissal Notice" dated May 22, 1998, indicating a dismissal "pursuant to Practice Book § 251 [now § 14-3]." This notice is directed to Bai, Pollock and Coyne, the defendant's attorneys. The defendant argues that this notice proves that the court did send out notice of dismissal to counsel for all parties. (See attachment B). CT Page 16237
Also annexed to this decision (as attachment C) is a copy of the docket management summary for this case which indicates that "notices of the dismissal" were sent to counsel on May 22, 1998. The facts that defendant's counsel received notice of the dismissal and that the docket management summary on the court's computer indicates that "notices" of the dismissal were sent leads to the conclusion that such a notice was sent to plaintiffs' counsel, Mr. Limotte, at Clausen Miller in New York City. What Clausen Miller did with the notice of dismissal is immaterial to the disposition of the motion to set aside the judgment because it is the sending of notice that controls. Batory v. Bajor, 22 Conn. App. 4,8, 574 A.2d 1042, cert. denied 215 Conn. 812, 576 A.2d 542 (1990).
The plaintiffs' motion to open the judgment is therefore denied.[1]
So Ordered.
Dated at Stamford, Connecticut, this 6th day of December, 2001
William B. Lewis, Judge T.R.
[EDITORS' NOTE: THE DOCKET SUMMARY I AND DOCKET SUMMARY II IS ELECTRONICALLY NON-TRANSFERRABLE.]