[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On December 4, 2000, the plaintiffs, Thomas J. Sousa, Jr. and Tammy A. Sousa, filed a two count amended complaint against the defendants, Paul Fiano Realty, LLC and Paul P. Fiano, Sr., alleging breach of contract and a violation of General Statutes § 42-110B,[1] the Connecticut Unfair Trade Practices Act (CUTPA). On or about October 15, 1999, the defendants agreed to build a house for the plaintiffs in the town of Hebron. On that date, the plaintiffs paid the defendants $60,000 towards the $245,000 purchase price of the construction of the house. The contract stated a completion date of April 1, 2000, and indicated time was of the essence. On April 1, 2000, construction had not begun and the plaintiffs commenced this action on November 30, 2000. The plaintiffs filed a motion for default for failure to appear on January 29, 2001, CT Page 6624 pursuant to General Statutes § 52-84.[2] On April 5, 2001, the court granted the motion and awarded $148,371.20 in damages and $4,935 in attorneys fees plus costs of $283.70. The defendants filed a motion to open judgment upon default on January 2, 2002. The plaintiffs filed a memorandum in opposition on January 9, 2002.
The defendants argue that the motion to open judgment upon default should be granted. They contend that although they had notice of this action, they did not recognize this proceeding to be an additional legal action brought by the plaintiffs because of previous actions including a prior dismissal of a similar matter by this court and an action to foreclose a mechanic's lien. Additionally, the defendants contend that the plaintiffs failed to serve them notice of judgment on this matter until August 30, 2001.[3] Furthermore, at the time the judgment was entered, the defendants argue that they had a sound defense to the plaintiffs' action. The defendants argue that they should be heard on the merits and given an opportunity to present their defense.
The plaintiffs argue that the motion to open judgment upon default should be denied because the motion was not filed within the required four-month period pursuant to Practice Book § 17-43[4] and General Statutes § 52-212,[5] therefore, the court lacks jurisdiction to open the judgment. In the alternative, the plaintiffs argue that even if the court finds the defendants motion was timely, the defendants have failed to prove that they were prevented from appearing due to mistake, accident or other reasonable cause.
"[I]n granting or denying a motion to open a judgment, the trial court is required to exercise a sound judicial discretion and its decision will be set aside only for an abuse of such discretion." Jaconski v. AMF,Inc., 208 Conn. 230, 237-38, 543 A.2d 728 (1988). "Section 52-212
requires a party moving for the opening of a judgment to make a two part showing that: (1) a good defense existed at the time an adverse judgment was rendered; and (2) the defense was not at that time raised by reason of mistake, accident or other reasonable cause." (Internal quotation marks omitted.) In re Baby Girl B., 224 Conn. 263, 284, 618 A.2d 1
(1992). "We have held that a court may decline to grant a motion to set aside a judgment of nonsuit that fails to conform to the requirements of § 52-212 or Practice Book § 17-43." Baris v. Southbend, Inc.,68 Conn. App. 546, 554, ___ A.2d ___ (2002). "A court should not open a default judgment in cases where the defendants admit they received actual notice and simply chose to ignore the court's authority." State v. RitzRealty Corp., 63 Conn. App. 544, 548, 776 A.2d 1195 (2001); see alsoBlack v. Universal C.I.T. Credit Corporation, 150 Conn. 188, 194,187 A.2d 243 (1962). CT Page 6625
In the present case, judgment was rendered on the plaintiffs' motion for default on April 5, 2001. Counsel for the prevailing parties did not send notice to the defendants of the judgment, as required by Practice Book § 17-22, until August 30, 2001. "[W]here a defendant does not otherwise have notice of a default judgment, such a delay would merely extend the time in which the defendant could move to set aside the judgment." DeSimone v. Vitello, 6 Conn. App. 390, 393, 505 A.2d 745
(1986); see also Habura v. Kochanowicz, 40 Conn. App. 590, 592-93,672 A.2d 512 (1996). Pursuant to Practice Book § 17-43, the defendants could have filed a motion to open the judgment upon default within four months succeeding the date on which notice was sent. Here, the defendants failed to file their motion to open judgment upon default until January 2, 2002. The motion to open, therefore, is untimely.[6]
The defendants' motion to open judgment upon default was untimely filed and is, therefore, in violation of General Statutes § 52-212 and Practice Book § 17-43. Accordingly, the defendants' motion to open judgment upon default is denied.[7]
________________________________________ D. Michael Hurley, Judge Trial Referee