## CLIFFORD G. WOODRUFF *v.* PATRICK G. RILEY ET AL.
### (AC 23320)

Foti, Schaller and West, Js.

Argued June 4—officially released August 5, 2003

*Brian McCormick*, for the appellant (defendant Roberta Smith Riley).

*J. Michael Sconyers*, with whom was *Melissa M. Muller*, for the appellee (plaintiff).

*Opinion*

WEST, J. This appeal requires us to determine whether the trial court, after finding that the defendant Roberta Smith Riley[1] had received notice via certified mail of the pending action, properly denied her motion to open the default judgment.[2] We affirm the judgment of the trial court.

The facts underlying this action reflect an unfortunate situation in which adjoining landowners are not able to relate to one another in a neighborly fashion. As a consequence of the animosity between the parties, the plaintiff, Clifford G. Woodruff, commenced an action against the defendant and her now estranged husband, seeking to enjoin them from trespassing on his property and from obstructing his claimed right to cross their property. The defendant and her husband were served process, pursuant to a first order of notice, via certified mail at their primary residence in San Francisco, California, and by abode service at 35 East Shore Road in New Preston. The return date of the action was August 28, 2001. The court ordered the defendant and her husband to appear and to show cause why the plaintiff's

---

[1] The named defendant, Patrick G. Riley, is not a party to this appeal. At the time the plaintiff, Clifford G. Woodruff, commenced the action, the defendants jointly owned the premises at 35 East Shore Road in New Preston. The defendants subsequently have separated, and Patrick G. Riley quit-claimed his interest in 35 East Shore Road to Roberta Smith Riley. Reference to the defendant in this opinion is to Roberta Smith Riley.

[2] On appeal, the defendant raises the following claims: The trial court improperly (1) applied General Statutes § 52-212 (a) by ruling that the defendant had not filed her motion to open the judgment in a timely manner when it is clear that the plaintiff did not comply with the notice provisions of Practice Book § 17-22, which triggers the commencement of the four month period within which the defendant could seek to open the judgment of default rendered against her, and (2) applied General Statutes § 52-212 (a) and Practice Book § 17-22 to the circumstances of this case.

application for a temporary injunction should not be granted.

The court held a hearing on the application for a temporary injunction on September 10, 2001. Neither the defendant nor her husband filed a written appearance, and they did not appear at the hearing. When ruling on the plaintiff's request for a temporary injunction, the court found that the defendant had actual notice of the action and the show cause hearing, as she had signed the receipt for the certified mail. The court denied the plaintiff's application for a temporary injunction, concluding that the plaintiff was not in imminent danger of sustaining a substantial and irreparable injury.

The plaintiff subsequently filed a motion for default for failure to appear against the defendant and her husband. The clerk granted the motion for default on September 24, 2001. The clerk advised the defendant and her husband by written notice of the default. Thereafter, on October 11, 2001, the plaintiff filed a motion for judgment. The court granted the motion for judgment, including costs, as to both counts of the verified complaint on November 20, 2001. By notice dated December 12, 2001, the plaintiff informed the defendant and her husband of the judgment by default of appearance. The notice of the default judgment was sent to the defendant and her husband at both the San Francisco and 35 East Shore Road, New Preston, addresses. On May 23, 2002, the defendant filed a motion to open the judgment pursuant to General Statutes § 52-212 and Practice Book § 17-43. On July 17, 2002, the court denied the defendant's motion to open. The defendant then appealed to this court.

"A motion to open and vacate a judgment . . . is addressed to the [trial] court's discretion, and the action of the trial court will not be disturbed on appeal unless

it acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably conclude as it did." (Citations omitted; internal quotation marks omitted.) *Gillis* v. *Gillis*, 214 Conn. 336, 340–41, 572 A.2d 323 (1990).

The following additional facts are necessary for our resolution of the defendant's appeal. On July 1, 2002, the court held a hearing on the defendant's motion to open the judgment. In her motion to open, which was accompanied by her affidavit, the defendant argued that the judgment should be set aside pursuant to General Statutes § 52-212 and Practice Book § 17-43. She claimed that she was prevented by mistake, accident or other reasonable cause from making a defense and that she had a good defense to the action. Specifically, the defendant argued that she had signed the postal receipt of the certified mail, did not open the envelope but gave it to her estranged husband. The date that the defendant signed for the certified mail was the date that she separated from her husband. The defendant also argued in her motion to open that she did not receive actual or constructive notice of the judgment rendered on November 20, 2001, until May 10, 2002.

Following the hearing, the court found that the defendant had received notice of the writ of summons and complaint by signing the return receipt of the postal service in San Francisco, in late July, 2001. Although the court specifically did not find that the defendant was negligent in failing to appear in this case, that finding is implicit in the court's memorandum of decision, as the court cited *State* v. *Ritz Realty Corp.*, 63 Conn. App. 544, 548–49, 776 A.2d 1195 (2001), for the proposition that the negligence of a party is not a reason

sufficient to open a default judgment. The court also found that the plaintiff had sent the defendant notice of the default judgment in December, 2001, and that the defendant had failed to file her motion to open within the four month period required by § 52-212. Because we agree with the court that negligence is not a sufficient reason to open a judgment of default, we need not reach the defendant's second claim that the plaintiff failed to send her timely notice of the judgment.

"Our standard of review is well settled. Whether a court has authority to grant a motion to open requires an interpretation of the relevant statutes. Statutory construction, in turn, presents a question of law over which our review is plenary." *Opoku* v. *Grant*, 63 Conn. App. 686, 690, 778 A.2d 981 (2001). The applicable statute is § 52-212 (a), which provides in relevant part: "Any judgment rendered or decree passed upon a default . . . in the Superior Court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket . . . upon . . . written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good . . . defense in whole or in part existed at the time of the rendition of the judgment . . . and that the . . . defendant was prevented by mistake, accident or other reasonable cause from . . . making the defense." General Statutes § 52-212 (a).

Practice Book § 17-43 (a)[3] "is almost identical to the statutory language [of § 52-212]. To obtain relief from

---

[3] Practice Book § 17-43 (a) provides in relevant part: "Any judgment rendered or decree passed upon a default or nonsuit may be set aside within four months succeeding the date on which notice was sent, and the case reinstated on the docket on such terms in respect to costs as the judicial authority deems reasonable, upon the written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of such judgment or the passage of such decree, and that the plaintiff or the defendant was prevented by mistake, accident or other reasonable cause from prosecuting or appearing to make the same. . . ."

a judgment rendered after default a two pronged test must be satisfied. The aggrieved person must show reasonable cause, or that a good defense existed at the time of the judgment, and that the movant was prevented by mistake, accident or other reasonable cause from making the defense." (Internal quotation marks omitted.) *Opoku* v. *Grant*, supra, 63 Conn. App. 691; see also *Pantlin & Chananie Development Corp.* v. *Hartford Cement & Building Supply Co.*, 196 Conn. 233, 235, 492 A.2d 159 (1985); *Eastern Elevator Co.* v. *Scalzi*, 193 Conn. 128, 131, 474 A.2d 456 (1984). Here, the defendant asserted that she had a good defense. The court made no finding in that regard. Assuming for the purposes of argument, however, that the defendant had a good defense to the plaintiff's cause of action, we conclude nonetheless that she failed to satisfy the second prong of the test.

"A court should not open a default judgment in cases where the defendants admit they received actual notice and simply chose to ignore the court's authority. *Black* v. *Universal C.I.T. Credit Corp.*, 150 Conn. 188, 194, 187 A.2d 243 (1962). Negligence is no ground for vacating a judgment, and it has been consistently held that the denial of a motion to open a default judgment should not be held an abuse of discretion where the failure to assert a defense was the result of negligence. *Pantlin & Chananie Development Corp.* v. *Hartford Cement & Building Supply Co.*, [supra, 196 Conn. 240–41]. Negligence of a party or his counsel is insufficient for purposes of § 52-212 to set aside a default judgment. *Segretario* v. *Steward-Warner Corp.*, 9 Conn. App. 355, 363, 519 A.2d 76 (1986); see also *Jaquith* v. *Revson*, 159 Conn. 427, 270 A.2d 559 (1970)." (Internal quotation marks omitted.) *State* v. *Ritz Realty Corp.*, supra, 63 Conn. App. 548–49.

On the basis of our review of the transcript of the hearing, we conclude that the court did not abuse its

discretion in denying the defendant's motion to open the judgment. The defendant acknowledged her handwriting on the postal service receipt and testified that she had given the notice unopened to her husband from whom she was separating. Although the notice arrived at a difficult time in the defendant's life, that situation was not sufficient to overcome the defendant's negligence in failing to appear and to defend against the plaintiff's cause of action. See *Jaquith* v. *Revson*, supra, 159 Conn. 432 ("history of illness and cause for seclusion" not sufficient to overcome defendant's negligence).

Because the court found that the defendant had failed to appear and to defend against the action due to negligence, which was sufficient reason to deny the motion to open the judgment, we need not reach the defendant's claim with respect to the timeliness of the plaintiff's notice of judgment.

The judgment is affirmed.

In this opinion the other judges concurred.