RINO GNESI COMPANY, INC. *v.* SEBASTIAN
SBRIGLIO ET AL.
(AC 23735)

Foti, Dranginis and McLachlan, Js.

Argued March 22—officially released July 6, 2004

*John C. Lewis III*, with whom, on the brief, was *Timothy Brignole*, for the appellants (defendants).

*J. Martin Acevedo*, for the appellee (plaintiff).

*Opinion*

McLACHLAN, J. The defendants, Sebastian Sbriglio, Angela Sbriglio and Ann M. Sbriglio, appeal from the trial court's denial of their motion to open the judgment rendered after they were defaulted for failure to plead and after their counsel failed to appear at the hearing in damages. The sole issue on appeal is whether the court abused its discretion in denying the motion to open. We affirm the judgment of the trial court.

Notwithstanding the defendants' efforts to obfuscate this matter by reciting a litany of details unrelated to the present appeal, the pertinent facts are rather straightforward.[1] In November, 2001, the plaintiff, Rino Gnesi Company, Inc., brought an action against the defendants, alleging the fraudulent conveyance of certain real property and seeking to set aside the conveyance. Shortly thereafter, counsel filed an appearance on behalf of the defendants. In January, 2002, the defendants were defaulted for failure to plead. The plaintiff claimed the fraudulent conveyance action to the hearing in damages calendar to obtain a judgment. After three continuances, the court granted a final continuance to June 25, 2002.

On June 25, 2002, the plaintiff appeared in court prepared to proceed with the matter, which was on the printed court calendar and marked "ready" by the plaintiff. The plaintiff also notified the defendants of the marking. Neither the defendants nor their counsel appeared at the hearing. The court made certain findings and rendered judgment for the plaintiff, setting aside the conveyance at issue.

The defendants timely filed a motion to open the June 25, 2002 judgment, arguing that the judgment should be set aside to permit them to file an answer and special defenses to the plaintiff's complaint.[2] In support of that motion, the defendants' counsel provided his affidavit

[1] Almost half of the defendants' brief is devoted to a lengthy recitation of facts. The majority of those facts concerns other litigation involving the parties, the merits of which are not at issue in or central to the resolution of this appeal. That is an obvious attempt by counsel to complicate the facts of this case to support his contention that this complexity led to his failure to appear at the hearing in damages or to contest the prior default judgment.

[2] We note that the motion was entitled "motion to reopen" and is referred to as such throughout the defendants' brief. Because the judgment had not previously been opened, the use of that term is both improper and misleading. See *Rodriguez* v. *State*, 76 Conn. App. 614, 617 n.5, 820 A.2d 1097 (2003). The appropriate phrase is "motion to open," and we reference it in this opinion accordingly.

in which he explained that his failure to appear at the hearing in damages to contest the default judgment was the result of a "misunderstanding."[3] He explained that he represented Sebastian Sbriglio and Angela Sbriglio in a separate legal action, also brought by the plaintiff, seeking to collect a commercial debt by foreclosing a mortgage on certain commercial property. Counsel argued that when he received notice from the court clerk's office about a hearing in damages in the case of *"Gnesi* v. *Sbriglio,"* he assumed that the hearing was for the foreclosure action, not the fraudulent conveyance action. He further argued that when he spoke with the plaintiff's counsel prior to the hearing, he informed him that he believed the matter going forward was the foreclosure action. The defendants' counsel stated that despite his mistaken belief, the plaintiff's counsel "did not inform or disavow [the defendants'] counsel that the plaintiff was proceeding on [the fraudulent conveyance action] . . . and did not in any way identify which action the plaintiff intended on proceeding [with] in the hearing in damages." The defendants' counsel concluded that the "failure of the defendants to . . . appear at the hearing in damages calendar call was as a result of a misunderstanding of the [defendants'] counsel arising from the telephone conversation with plaintiff's counsel regarding upon which action the plaintiff was proceeding."

At the hearing on the motion to open, the plaintiff submitted a verified objection, arguing that the failure of the defendants' counsel to appear was the result of his negligence and, therefore, constituted an insufficient ground to set aside the default judgment pursuant to General Statutes § 52-212, Practice Book § 17-43 and *State* v. *Ritz Realty Corp.*, 63 Conn. App. 544, 548–49, 776 A.2d 1195 (2001). The plaintiff's counsel also vehemently denied the allegation of the defendants' counsel

---

[3] Aside from his affidavit, the defendants' counsel offered no other evidence at the hearing.

that the plaintiff's counsel was aware of his mistaken impression that the foreclosure action was going forward on June 25, 2002, yet failed to correct his misimpression.[4] The plaintiff's counsel further argued and submitted supporting documentation evidencing that, on June 19, 2002, he notified the defendants' counsel by facsimile that he was going forward with the fraudulent conveyance action. He further pointed out that the defendants' counsel never claimed that he had not received the notice issued by the clerk's office identifying the foreclosure action, by docket number, as the case going forward on June 25, 2002.

At the conclusion of the hearing, the court postponed its ruling on the motion so that it could consider the parties' briefs. A short while later, a notice issued from the clerk's office, indicating that the motion had been denied. Although the court did not issue a memorandum of decision, citation was made in the notice to "*State* v. *Ritz Realty Corp.*, [supra, 63 Conn. 548–49]," to support its ruling. This appeal followed.

The sole issue on appeal is whether the court abused its discretion in denying the motion to open. The defendants argue that the motion should have been granted because the two-pronged test governing the granting of such motions, set forth in General Statutes § 52-212, was satisfied.

"A motion to open and vacate a judgment . . . is addressed to the [trial] court's discretion, and the action of the trial court will not be disturbed on appeal unless it acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court

---

[4] In his objection to the motion to open, the plaintiff's counsel stated that while he did speak with the defendants' counsel on June 18, 2002, he never told him that he believed the foreclosure matter was going forward. He stated, to the contrary, that the defendants' counsel never made any statements as to which of the two matters he believed was going forward.

abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably conclude as it did." (Internal quotation marks omitted.) *Gagne* v. *Vaccaro*, 80 Conn. App. 436, 440, 835 A.2d 491 (2003), cert. denied, 268 Conn. 920, 846 A.2d 881 (2004).

A motion to open a default judgment is governed by Practice Book § 17-43 and General Statutes § 52-212. "Section 52-212 requires a party moving for the opening of a judgment to make a two part showing that: (1) a good defense existed at the time an adverse judgment was rendered; and (2) the defense was not at that time raised by reason of mistake, accident or other reasonable cause." (Internal quotation marks omitted.) *State* v. *Ritz Realty Corp.*, supra, 63 Conn. App. 548. We also have determined that the "[n]egligence of a party or his counsel is insufficient for purposes of § 52-212 to set aside a default judgment." Id., 549.

We initially note that the record contains no memorandum of decision and that the transcript of the hearing on the motion to open provides little insight into the factual and legal underpinnings of the court's determination. Additionally, the defendants failed to file a motion for articulation, as provided for by Practice Book § 66-5. In such cases, we frequently have declined to review claims on appeal because the appellant has failed to furnish this court with an adequate record. See, e.g., *Resurreccion* v. *Normandy Heights, LLC*, 76 Conn. App. 642, 649, 820 A.2d 1116, cert. denied, 264 Conn. 917, 826 A.2d 1159 (2003). Notwithstanding the defendants' failure to take necessary steps to assemble an adequate record in the present case, there nevertheless exists a sufficient basis for appellate review.[5] The

---

[5] Clearly, the preferred practice would be for the defendants to have filed a motion for articulation or rectification of the record. As we often have stated: "The duty to provide this court with a record adequate for review rests with the appellant." (Internal quotation marks omitted.) *Carr* v. *Fleet Bank*, 73 Conn. App. 593, 596, 812 A.2d 14 (2002).

factual and legal underpinnings of the court's determination can reasonably and logically be inferred from the court's citation in the notice to "*State* v. *Ritz Realty Corp.*, [supra, 63 Conn. App. 548–49]." The relevant portion of that case holds that the negligence of a party is not a sufficient reason to open a default judgment. See *Woodruff* v. *Riley*, 78 Conn. App. 466, 469–70, 827 A.2d 743, cert. denied, 266 Conn. 922, 835 A.2d 474 (2003).

Our review of the record supports the court's determination. The defendants' counsel does not dispute having received notice of the default for failure to plead, which was entered on January 30, 2002, nor does he dispute having received notice from the clerk's office that the hearing in damages for the fraudulent conveyance action was scheduled for June 25, 2002. Furthermore, he does not dispute that he received the plaintiff's June 19, 2002 facsimile informing him that the fraudulent conveyance action was being marked "ready." In short, the defendants' counsel has failed to demonstrate that his failure to appear at the hearing to contest the default was caused by a factor that would entitle the defendants to relief pursuant to § 52-212.[6]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[6] As previously discussed, the defendants' counsel claimed that his failure to appear was the result of a "misunderstanding" stemming from a telephone conversation with the plaintiff's counsel just days before the hearing. In language rife with accusations of subterfuge, he contends that the plaintiff's counsel was responsible for his failure to appear because he did not clarify which action he was marking "ready," which the plaintiff's counsel denies unequivocally. This court is troubled by counsel's misleading statement to the trial court at the hearing on the motion to open that his confusion was due in part to the fact that the docket numbers for the two cases were "identical except for the last two digits in the CV number." The foreclosure action bears docket number CV 00-0800943, and the fraudulent conveyance action bears number CV 01-0812352. Those docket numbers are, quite obviously, entirely different, and counsel's attempt to evade responsibility for the consequences of his conduct by resorting to unsubstantiated accusations and inaccurate representations to the trial court is inappropriate.