STATE OF CONNECTICUT *v.* SARAH
CHRISTINE WAHAB
(AC 28753)

Flynn, C. J., and Robinson and West, Js.*

---

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

Argued November 18, 2008—officially released July 20, 2010

*Sarah Christine Wahab*, pro se, the appellant (defendant).

*Timothy J. Sugrue*, senior assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's

attorney, and *Adam B. Scott,* supervisory assistant state's attorney, for the appellee (state).

*Opinion*

ROBINSON, J. The pro se defendant,[1] Sarah Christine Wahab, appeals from the trial court's denial of her motion to open the judgment[2] rendered against her for possession of alcoholic liquor by a minor in violation of General Statutes (Rev. to 2007) § 30-89. On appeal, the defendant claims that the denial of her motion to open was an abuse of discretion because she was induced to pay the fine associated with that infraction as a result of the fraud, coercion and duress caused by the actions of the Manchester police department. We conclude that the defendant has not provided this court with an adequate record for our review and that her claim is briefed inadequately; we, therefore, decline to review this claim. Accordingly, the judgment of the trial court is affirmed.

The following facts and procedural history are relevant to our resolution of the defendant's appeal. On March 3, 2007, the defendant was issued a complaint ticket charging her with the infraction of possession of alcoholic liquor by a minor in violation of § 30-89 (b)[3]

[1] Although "it is the established policy of the Connecticut courts to be solicitous of pro se litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the pro se party"; *Rosato* v. *Rosato,* 53 Conn. App. 387, 390, 731 A.2d 323 (1999); "the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." (Internal quotation marks omitted.) *Strobel* v. *Strobel,* 64 Conn. App. 614, 618, 781 A.2d 356, cert. denied, 258 Conn. 937, 786 A.2d 426 (2001).

[2] Although the motion was entitled a "motion to reopen," we note that because the motion had not been opened previously, "the use of that term is both improper and misleading. . . . The appropriate phrase is 'motion to open,' and we reference it in this opinion accordingly." (Citation omitted.) *Rino Gnesi Co.* v. *Sbriglio,* 83 Conn. App. 707, 709 n.2, 850 A.2d 1118 (2004).

[3] At the time, General Statutes (Rev. to 2007) § 30-89 (b) provided in relevant part: "Any minor who possesses any alcoholic liquor on public or private property shall, for a first offense, have committed an infraction . . . ." Public Acts 2007, No. 07-167, § 49, effective June 25, 2007, amended

for her conduct during a party that took place in Manchester. According to the police report, the defendant was one of thirty-two people at the party, only two of the attendees were of age to consume alcohol, and five dozen containers of beer and assorted drug paraphernalia were seized by police.[4]

The ticket issued to the defendant for her infraction carried with it a total fine of $136, which included both the fine for the infraction and the fees and costs associated with it.[5] On March 4, 2007, the defendant's mother, Christine Sands, appears to have mailed a check in the amount of $136 to the centralized infractions bureau (bureau), along with the complaint ticket. The ticket provided that the defendant was to check either the box reading, "I elect to pay the amount," or the box reading, "I elect to plead not guilty," and also required that the defendant sign the ticket. The defendant did not mark either of the boxes, nor did she sign the ticket. On the front of the ticket, it appears that the defendant's mother wrote: "If Sarah's record is noted, Note we completely disagree." The ticket and the check were received by the bureau on March 14, 2007.

The defendant received notice from the commissioner of motor vehicles on March 26, 2007, that her driver's license was being suspended for a period of 150 days pursuant to General Statutes (Rev. to 2007)

---

subsection (b) to read: "Any minor who possesses any alcoholic liquor on (1) any public street or highway, or (2) in any other public or private location, shall, for a first offense, have committed an infraction . . . ."

[4] The related case of *State* v. *Begley*, 122 Conn. App. 546, 2 A.3d 1 (2010), arose out of the same set of facts.

[5] We note that pursuant to General Statutes § 51-164n (a), which governs the procedure on summons for infractions, "any person who is alleged to have committed an infraction . . . may plead not guilty or pay the established fine *and any additional fee or cost for the infraction* . . . ." (Emphasis added.) Accordingly, the total fine assessed on the defendant properly included the relevant fees and costs.

§ 14-111e.[6] On April 4, 2007, the defendant's mother filed a motion to open the judgment on the defendant's behalf, as the defendant was still a minor at the time.[7] Along with the motion, the defendant's mother submitted a letter in support of the motion. She stated in the letter that her daughter had intended to plead not guilty to the infraction but was told more than once by officers on the scene that everyone present was guilty even if they had not been drinking and that if she pleaded not guilty she would lose the case, which would cost her hundreds of dollars in court costs. She also listed the driver's license suspension as an additional "injustice from the police" and claimed that the teenagers involved "now have a record." The same day that it was filed, the motion to open was denied by the court. This appeal followed.[8]

---

[6] At the time, General Statutes (Rev. to 2007) § 14-111e (a) provided in relevant part: "The Commissioner of Motor Vehicles shall suspend, for a period of one hundred fifty days, the motor vehicle operator's license . . . of any person under the age of twenty-one who has been convicted of a violation of . . . section 30-89 involving the purchase and possession of alcoholic liquor by a minor." Section 14-111e was amended by Public Acts 2007, No. 07-167, § 50, in 2007 to reduce the period of suspension for a violation of § 30-89 (b) (1), as that statute was amended by Public Acts 2007, No. 07-167, § 49; see footnote 3 of this opinion; to sixty days and a violation of subsection (b) (2) to thirty days. The amended § 14-111e provides in relevant part that "[t]he commissioner shall conform any suspension for violation of section 30-89 that is in effect on June 25, 2007, to comply with the provisions of this section."

[7] The state filed a motion to dismiss the appeal on June 27, 2007, on the ground that the motion to open had been filed improperly by a person who was not an attorney. On September 6, 2007, this court ordered that the motion to dismiss would be granted unless the defendant filed a pro se appearance on or before October 10, 2007, which was ten days after the date on which the defendant became eighteen years of age. The defendant filed a pro se appearance on October 10, 2007.

[8] The defendant's license suspension was effective April 25, 2007, but was stayed on May 3, 2007, pending the resolution of this appeal; she had served eight days of the suspension. As a result of the passage of No. 07-167 of the 2007 Public Acts, which applied retroactively to all suspensions in effect on June 25, 2007, the defendant now faces a total suspension of only thirty days, of which she has already served eight days. The defendant, therefore,

The defendant avers that the court improperly denied her motion to open the judgment[9] of her infraction for possession of alcohol by a minor. Specifically, she appears to argue that the court should have opened the judgment because her decision to pay the fine was induced by the fraud, coercion and duress caused by the actions of the Manchester police department. The state asserts that the court lacked subject matter jurisdiction to consider the defendant's motion to open the judgment or, in the alternative, that the court did not abuse its discretion in denying the motion. We conclude that the record is inadequate for our review.

"It is incumbent upon the appellant to take the necessary steps to sustain its burden of providing an adequate record for appellate review. [Practice Book § 60-5] . . . . It is not the function of this court to find facts. . . . Our role is . . . to review claims based on a complete factual record developed by a trial court." (Internal quotation marks omitted.) *State* v. *Cotto*, 111 Conn. App. 818, 821, 960 A.2d 1113 (2008) (declining to resolve jurisdictional question because record inadequate). Moreover, "[o]ur role is not to guess at possibilities, but to review claims based on a complete factual record developed by a trial court. . . . Without the necessary factual and legal conclusions furnished by the trial court . . . any decision made by us respecting [the appellant's claim] would be entirely speculative." (Internal quotation marks omitted.) *Chase Manhattan Bank/City*

has only twenty-two days of her suspension left to serve. See footnote 6 of this opinion.

[9] For the reasons more fully explained below, we use the term "judgment" cautiously in this context. Indeed, General Statutes § 51-164n does not state how or when the payment of a fine for an infraction becomes a final judgment, if at all, and the procedure for entering a plea of nolo contendere under § 51-164n (c) appears at first blush to further obfuscate that analysis. Accordingly, in light of our conclusion not to review that issue, our references to the defendant's motion to open the judgment should not be construed as our imprimatur that there was a judgment to be opened in this case.

*Trust* v. *AECO Elevator Co.*, 48 Conn. App. 605, 608–609, 710 A.2d 190 (1998). "It is, therefore, the responsibility of the appellant to move for an articulation or rectification of the record where the trial court has failed to state the basis of a decision . . . ." (Internal quotation marks omitted.) *Schoonmaker* v. *Lawrence Brunoli, Inc.*, 265 Conn. 210, 232, 828 A.2d 64 (2003). "It is well established that [a]n articulation is appropriate where the trial court's decision contains some ambiguity or deficiency reasonably susceptible of clarification. . . . [P]roper utilization of the motion for articulation serves to dispel any . . . ambiguity by clarifying the factual and legal basis upon which the trial court rendered its decision, thereby sharpening the issues on appeal." (Internal quotation marks omitted.) *Stone-Krete Construction, Inc.* v. *Eder*, 280 Conn. 672, 685–86, 911 A.2d 300 (2006). "[W]e will, in the absence of a motion for articulation, assume that the trial court acted properly." (Internal quotation marks omitted.) *Berglass* v. *Berglass*, 71 Conn. App. 771, 789, 804 A.2d 889 (2002).

In this case, the defendant filed a motion requesting that the court open the judgment, which the court denied without issuing an oral or written decision. Further complicating this issue is the statutory scheme under which infractions are adjudicated. General Statutes § 51-164n (c) provides in relevant part: "If any person who is alleged to have committed an infraction . . . elects to pay the fine and any additional fees or costs established for such infraction . . . he shall send payment, by mail or otherwise, to the Centralized Infractions Bureau, made payable to the 'clerk of the Superior Court'. Such *payment shall be considered a plea of nolo contendere* and shall be inadmissible in any proceeding, civil or criminal, to establish the conduct of the person . . . ." (Emphasis added.) Thus, the text of the statute suggests that the payment of the fine is simply a plea, rather than the entry of a final judgment, and the statute

is otherwise barren of any insight regarding what would constitute a final judgment in these circumstances. Indeed, such ambiguity begs the question as to whether there was a judgment for the court to open or whether the defendant should have filed a motion to change her plea in an ongoing case that did not yet have a judgment entered. Unfortunately, without an articulation by the court as to its reasoning for denying the defendant's motion to open, we are left to speculate as to how the court resolved these issues, which we decline to do.

Similarly, the record is unclear as to whether the court made the necessary findings of fact with respect to whether the plea of nolo contendere that was entered by virtue of the defendant's paying the fine conformed to the relevant statutory requirements. Section 51-164n (f) provides in relevant part: "The provisions of this section shall apply to the alleged commission of an infraction . . . by a minor but, in a case involving a minor, a parent or guardian shall sign any plea of nolo contendere or of not guilty on any summons form issued in connection with the matter." In this case, although it does not appear that either the defendant, who was a minor at the time, or her mother signed the summons form that was issued in this case, it does appear that the defendant's mother wrote, "If Sarah's record is noted, Note we completely disagree," on the summons form.[10] Thus, without a memorandum of decision, we are unable to conclude as a factual matter whether the defendant's mother wrote the note on the summons form or wrote the check that was used to pay the fine, and we are left to speculate whether the court believed that § 51-164n (f) had any bearing on its decision to

---

[10] We also note that the defendant's mother appears to have paid the defendant's fine with a personal check, which, it could be argued, fulfills the purpose, if not the text, of § 51-164n (f). It bears emphasis, however, that we make this observation only to highlight the inadequacy of the record; we do not offer any opinion as to whether the defendant's actions in this case satisfied the requirements of § 51-164n (f).

deny the defendant's motion to open the judgment. The defendant failed to file a motion for articulation to clarify these issues and we, therefore, decline to review this claim because the record is not adequate for our review.

Furthermore, we decline to review the issues raised in this case because they were briefed inadequately. As our Supreme Court has often observed, "[w]e are not obligated to consider issues that are not adequately briefed. . . . Whe[n] an issue is merely mentioned, but not briefed beyond a bare assertion of the claim, it is deemed to have been waived. . . . In addition, mere conclusory assertions regarding a claim, with no mention of relevant authority and minimal or no citations from the record, will not suffice." (Citations omitted; internal quotation marks omitted.) *Connecticut Coalition Against Millstone* v. *Connecticut Siting Council*, 286 Conn. 57, 87, 942 A.2d 345 (2008).

In this case, the defendant merely asserts that the court should have opened the "judgment" of her infraction for possession of alcohol by a minor because her decision to pay the fine associated with that infraction was induced by fraud, coercion and duress. She does not offer any precedent or analysis to support her arguments and does not offer any analysis as to how the alleged conduct of the police officers in this case affects her rights under the relevant statutory scheme. Although we are sympathetic to the reality that § 51-164n appears to be somewhat nebulous, and may even warrant further judicial interpretation, the record and briefs in this case are inadequate for us to engage in such an endeavor. Indeed, the only meaningful way to resolve the myriad of interrelated issues raised by the defendant's claim is for us to engage in impermissible fact-finding, reframe the legal questions at issue and attempt to address them without an adequate trial record or the benefit of incisive briefing by the parties. That, we decline to do. See *State* v. *Bruno*, 293 Conn.

127, 143 n.13, 975 A.2d 1253 (2009) ("[b]ecause the law on this issue is unsettled, and the defendant's claim is inadequately briefed, we decline to review it").

The judgment is affirmed.

In this opinion the other judges concurred.