PHH MORTGAGE CORPORATION *v.* PASCAL H. JEAN-JACQUES ET AL.
(AC 33965)

Beach, Alvord and Bear, Js.

Submitted on briefs September 17—officially released December 18, 2012

*John R. Williams* filed a brief for the appellants (named defendant et al.).

*Jeffrey M. Knickerbocker* filed a brief for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendants Pascal H. Jean-Jacques and Mireille Jean-Jacques[1] appeal from the trial court's denial of their motion to open a foreclosure judgment. We affirm the judgment of the trial court.

The plaintiff, PHH Mortgage Corporation, is the holder of a mortgage on real property owned by the defendants in Fairfield. On June 7, 2010, the plaintiff commenced a foreclosure action against the then self-represented defendants, who had defaulted on their mortgage payments. On November 29, 2010, the plaintiff filed a motion for default for the defendants' failure to file a responsive pleading, which motion was granted by the trial court clerk on December 15, 2010. The plaintiff then moved for a judgment of strict foreclosure. This motion was claimed by the plaintiff on June 15,

---

[1] People's United Bank was also named as a defendant but is not a party to this appeal. We therefore refer in this opinion to Pascal H. Jean-Jacques and Mireille Jean-Jacques as the defendants.

2011, and was placed on the court's short calendar for argument on July 5, 2011. The plaintiff marked the motion "ready," and the defendants received notice of the hearing from the court and from the plaintiff.

On July 5, 2011, the defendants failed to appear for argument on the motion and a default judgment of foreclosure by sale was entered. The sale date was set for October 8, 2011. On September 12, 2011, the defendants, then represented by counsel, filed an amended motion to open the judgment. The defendants attributed their failure to appear at the July 5 hearing to a second short calendar reclaim on the same motion, filed by the plaintiff on June 27, 2011. The defendants received notice from the court of a July 18 hearing, which corresponded with the second reclaim, and allegedly assumed that this later hearing indicated the plaintiff's intention to postpone the July 5 hearing. The defendants additionally argued that the practice of filing a second reclaim on the same motion had the effect of "marking off" the earlier hearing.

The court heard argument on the motion to open on October 3 and 4, 2011, and then denied the motion. The court found that the defendants had received notice of the hearing from the court and from the plaintiff, and it held that the existence of a second hearing date did not excuse the defendants from appearing on July 5. This appeal followed.

On appeal, the defendants claim that the court abused its discretion in denying the motion to open the judgment of foreclosure. The plaintiff counters that the defendants failed to present any evidence that would excuse the default, and, moreover, that they failed to proffer a colorable defense to the foreclosure action.[2] We agree with the plaintiff.

---

[2] In their belated answer, the defendants included special defenses alleging that the plaintiff had no standing to commence the foreclosure action because it failed to allege in its amended complaint the date on which it

"Where a trial court has the power to open a judgment, its action represents an exercise of discretion, and that court's decision will not be disturbed on appeal unless the court acted unreasonably and in clear abuse of its discretion. . . . The denial of a motion to open a judgment should not be held to be an abuse of discretion in any case in which it appears that the moving party has not been prevented by mistake, accident or other reasonable cause from making a defense." (Citation omitted; internal quotation marks omitted.) *Fontaine* v. *Thomas*, 51 Conn. App. 77, 82–83, 720 A.2d 264 (1998); see also General Statutes § 52-212; Practice Book § 17-43.

"A court should not open a default judgment in cases where the defendants admit they received actual notice and simply chose to ignore the court's authority." (Internal quotation marks omitted.) *Woodruff* v. *Riley*, 78 Conn. App. 466, 471, 827 A.2d 743, cert. denied, 266 Conn. 922, 835 A.2d 474 (2003). Moreover, it is axiomatic that "[n]egligence is no ground for vacating a judgment, and it has been consistently held that the denial of a motion to open a default judgment should not be held an abuse of discretion where the failure to assert a defense was the result of negligence." Id.

Here, it is undisputed that the defendants received notice of the hearing from two sources. The reasons offered for the defendants' failure to appear—that they misapprehended the effect of the second reclaim, or that the filing of the second reclaim operated to cancel the July 5 hearing—were properly rejected by the court. The defendants did not testify, or present affidavits or any other evidence that they were confused by the two notices. The only argument to this effect was presented by their attorney at the hearing on their motion to open

came into possession of the note, and that it was not licensed to do business as a foreign corporation in Connecticut.

the judgment, and it was based on the attorney's position that, as a matter of practice, a second reclaim would "mark off" any earlier hearing dates on the same motion. The defendant's attorney presented no authority in support of this position. The defendant's attorney proposed that the court at least had the discretion to grant the motion to open because of the potential for confusion sown by the two hearing dates.

Because of the defendants' failure to testify and the unsupported arguments advanced regarding the effect of reclaiming the same motion more than one time, it was not unreasonable for the court to exercise its discretion and to deny the motion to open. See *Pantlin & Chananie Development Corp.* v. *Hartford Cement & Building Supply Co.*, 196 Conn. 233, 241, 492 A.2d 159 (1985) ("[o]n a motion to open the moving party must not only 'allege,' but must also make a 'showing' sufficient to satisfy the requirements of § 52-212").

The judgment is affirmed.