STATE OF CONNECTICUT *v.* DAVID J.
HENDERSON ET AL.
(AC 34140)

Gruendel, Beach and Peters, Js.

Argued December 10, 2012—officially released February 12, 2013

*Daniel Henderson*, pro se, the appellant (defendant).

*Bruce R. Lockwood*, senior assistant state's attorney, with whom, on the brief, were *Christopher Malany*, supervisory assistant state's attorney, and *Ilana Cathc-*

*art*, senior assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. This case arises out of governmental actions to shut down, as a public nuisance, an establishment that described itself as an "adult business." Without the consent of the city in which the property is located, the state and the owners of the property entered into a stipulated judgment to permit the use of the property under stated conditions. On appeal, one of the owners of the adult business challenges the court's denial of his motion for enforcement of the stipulated judgment. We affirm the judgment of the court.

On April 30, 2009, pursuant to General Statutes § 19a-343,[1] the plaintiff, the state of Connecticut, filed an

---

[1] General Statutes § 19a-343, titled "Action to abate public nuisance after three or more arrests or arrest warrants. Offenses," provides, in relevant part: "(a) For the purposes of sections 19a-343 to 19a-343h, inclusive, a person creates or maintains a public nuisance if such person erects, establishes, maintains, uses, owns or leases any real property or portion thereof for any of the purposes enumerated in subdivisions (1) to (11), inclusive, of subsection (c) of this section. . . .

"(c) Three or more arrests, or the issuance of three or more arrest warrants indicating a pattern of criminal activity and not isolated incidents, for the following offenses shall constitute the basis for bringing an action to abate a public nuisance:

"(1) Prostitution under section 53a-82, 53a-83, 53a-86, 53a-87, 53a-88 or 53a-89.

"(2) Promoting an obscene performance or obscene material under section 53a-196 or 53a-196b, employing a minor in an obscene performance under section 53a-196a, importing child pornography under section 53a-196c, possessing child pornography in the first degree under section 53a-196d, possessing child pornography in the second degree under section 53a-196e or possessing child pornography in the third degree under section 53a-196f.

"(3) Transmission of gambling information under section 53-278b or 53-278d or maintaining of a gambling premises under section 53-278e.

"(4) Offenses for the sale of controlled substances, possession of controlled substances with intent to sell, or maintaining a drug factory under section 21a-277, 21a-278 or 21a-278a or use of the property by persons possessing controlled substances under section 21a-279. Nothing in this section shall prevent the state from also proceeding against property under section 21a-259 or 54-36h.

action to abate a public nuisance against the defendants, David J. Henderson, Daniel Henderson, Laura Kuhl, Cityscape Real Estate Holding, Inc., and the real property known as 2041 North Broad Street, Meriden, Connecticut, a.k.a. "2041 Club."[2] On September 10, 2009, prior to the presentation of evidence at trial, the court vacated the temporary restraining orders that it had issued on April 30, 2009, and rendered a stipulation for judgment in accordance with the parties' written agreement of that date.

The stipulation for judgment provided, inter alia, that the business known as "2041 Club," located at 2041 North Broad Street in Meriden, "shall remain closed and not reopen for business," and that the named defendants would not operate any business there in the future. It further provided that any future purchaser of the property would have to be preapproved by the Division of Criminal Justice and would be required to comply with specific restrictions on the use of the property. The city of Meriden (city) was not a signatory to the stipulated judgment.

"(5) Unauthorized sale of alcoholic liquor under section 30-74 or disposing of liquor without a permit under section 30-77.

"(6) Violations of the inciting injury to persons or property law under section 53a-179a.

"(7) Maintaining a motor vehicle chop shop under section 14-149a.

"(8) Murder or manslaughter under section 53a-54a, 53a-54b, 53a-55, 53a-56 or 53a-56a.

"(9) Assault under section 53a-59, 53a-59a, subdivision (1) of subsection (a) of section 53a-60 or section 53a-60a.

"(10) Sexual assault under section 53a-70 or 53a-70a.

"(11) Fire safety violations under section 29-292, subsection (b) of section 29-310, or section 29-315, 29-317, 29-320, 29-325, 29-329, 29-337, 29-349 or 29-357."

We note that Public Acts 2009, No. 09-177, § 20, and Public Acts 2009, No. 10-54, § 6, made changes to § 19a-343 (c) (11) that are not relevant to this appeal. We refer to the revision of § 19a-343 that was in effect at the time of the incidents that occurred in this case.

[2] Daniel Henderson is the only defendant involved in this appeal. Hereafter, references to the defendant are to Daniel Henderson.

On October 16, 2009, David J. Henderson and Daniel Henderson entered into a contract to sell the 2041 Club to Jess Daenekindt for $400,000. Although the Division of Criminal Justice approved the sale, it was not consummated because city officials informed Daenekindt that no adult business would be permitted to operate at that property.[3]

The defendant then filed a motion to enforce the stipulated judgment. Noting only that, in the court's view, he had no standing to pursue such a motion, the court denied it without issuing a written decision, and also denied his subsequent motions for reconsideration, for articulation and for contempt. Although he has appealed from that judgment, the defendant has not filed a motion with this court, pursuant to Practice Book § 66-5,[4] directing the trial court to articulate the grounds for its decision.

On the record before us, there is no evidence to support the defendant's claim that the trial court improperly denied his motion to enforce the stipulated judgment.[5] The record does not substantiate the defendant's present allegation that the city was in any way bound by the terms of the stipulated judgment between the state and the Hendersons. The transcript of the proceedings on September 10, 2009, when the court, B. Fischer, J., approved the stipulation for judgment, contains nothing to suggest that the city formally

[3] According to the state, Daenekindt unsuccessfully appealed to the city zoning board of appeals for a special exception use.

[4] Practice Book § 66-5 provides in relevant part: "A motion seeking . . . an articulation or further articulation of the decision of the trial court shall be called a motion for rectification or a motion for articulation, whichever is applicable."

[5] We note that the fact that the defendant has filed his appeal without the assistance of counsel does not relieve him of the burden "[to provide] an adequate record for appellate review." (Internal quotation marks omitted.) State v. Wahab, 122 Conn. App. 537, 542, 2 A.3d 7, cert. denied, 298 Conn. 918, 4 A.3d 1230 (2010).

appeared at that hearing. Furthermore, the transcript documents that "there [had been] some discussion between the parties—the Hendersons and the State," without any reference to the city. Finally, on the record, Judge Fischer meticulously canvassed the parties that had agreed to be bound by the stipulated judgment. The city, however, was not so canvassed.

To prevail on this appeal, in light of the record, would require a demonstration that the city was bound by the terms of a contract to which it was not a party and to which it did not, in any other way, manifest its assent. See, e.g., *FCM Group, Inc.* v. *Miller*, 300 Conn. 774, 797–98, 17 A.3d 40 (2011). We know of no authority supporting such a proposition, and the defendant has cited none.

The judgment is affirmed.