******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************************

STATE OF CONNECTICUT *v.* MICHAEL
A. URBANOWSKI
(SC 19678)

Rogers, C. J., and Palmer, Eveleigh, McDonald,
Robinson, D'Auria and Espinosa, Js.*

*Syllabus*

Convicted of assault in the second degree, breach of the peace in the second
    degree, strangulation in the second degree, and threatening in the second
    degree in connection with an incident in which he choked the victim,
    the defendant appealed to the Appellate Court, claiming that the trial
    court improperly admitted evidence that he had allegedly choked
    another woman ten years earlier as prior uncharged misconduct that
    was probative of his intent to choke the victim in this case. The Appellate
    Court affirmed the judgment of the trial court, concluding, inter alia,
    that, although the trial court had abused its discretion in admitting the
    prior uncharged misconduct evidence, that error was harmless. On the
    granting of certification, the defendant appealed to this court. *Held* that
    this court agreed with the Appellate Court's conclusion that any such
    evidentiary error was harmless for the reasons given by that court and,
    because the certified question was fully addressed by the well reasoned
    opinion of the Appellate Court, this court adopted that court's opinion
    as a proper statement of the issue of harmlessness and the applicable
    law concerning that issue.

Argued September 18—officially released November 21, 2017

*Procedural History*

Two part substitute information charging the defendant, in the first part, with the crimes of assault in the second degree, breach of the peace in the second degree, strangulation in the second degree, threatening in the second degree, and use of drug paraphernalia, and, in the second part, with being a persistent serious felony offender, brought to the Superior Court in the judicial district of Tolland, geographical area number nineteen, where the first part of the information was tried to the jury before *Bright, J.*; thereafter, the court granted the defendant's motion for a judgment of acquittal as to the charge of use of drug paraphernalia; verdict of guilty of assault in the second degree, breach of the peace in the second degree, strangulation in the second degree, and threatening in the second degree; subsequently, the defendant was presented to the court on a plea of nolo contendere as to the second part of the information; judgment of guilty in accordance with the verdict and plea, from which the defendant appealed to the Appellate Court, *Keller, Prescott* and *Mullins, Js.*, which affirmed the judgment of the trial court, and the defendant, on the granting of certification, appealed to this court. *Affirmed.*

*Arthur L. Ledford*, assigned counsel, for the appellant (defendant).

*Timothy F. Costello*, assistant state's attorney, with whom, on the brief, were *Matthew C. Gedansky*, state's attorney, and *Nicole I. Christie*, former assistant state's

attorney, for the appellee (state).

*Opinion*

PER CURIAM. A jury found the defendant, Michael A. Urbanowski, guilty of assault in the second degree in violation of General Statutes § 53a-60 (a) (1), breach of the peace in the second degree in violation of General Statutes § 53a-181 (a) (2), strangulation in the second degree in violation of General Statutes § 53a-64bb (a), and threatening in the second degree in violation of General Statutes § 53a-62 (a) (1), in connection with a 2012 incident in which he was alleged to have, inter alia, choked the victim. The state also charged the defendant with being a persistent serious felony offender, to which he pleaded nolo contendere after the jury had found him guilty of the other charges. See General Statutes (Rev. to 2011) § 53a-40 (c) and (j). The trial court sentenced him to a total effective sentence of fourteen years incarceration, followed by six years of special parole.

The defendant appealed from the trial court's judgment to the Appellate Court, claiming, among other things, that the trial court had improperly admitted evidence of his prior uncharged alleged misconduct. Specifically, the trial court permitted testimony of a woman whom the defendant had allegedly choked approximately ten years earlier as probative of the defendant's intent in the 2012 incident. The Appellate Court affirmed the judgment of the trial court, concluding that, although the trial court had abused its discretion in admitting the uncharged misconduct testimony, the defendant had not demonstrated that the error was harmful. *State* v. *Urbanowski*, 163 Conn. App. 377, 410, 136 A.3d 236 (2016).

We granted the defendant's petition for certification to appeal, limited to the following question: "Did the Appellate Court properly determine that the trial court erred in the admission of uncharged misconduct but that said error was harmless?" *State* v. *Urbanowski*, 321 Conn. 905, 138 A.3d 280 (2016).

After examining the entire record on appeal and considering the briefs and oral arguments of the parties before this court, we have determined that the judgment of the Appellate Court should be affirmed. We do not consider whether the Appellate Court properly concluded that the trial court had abused its discretion in admitting the uncharged misconduct evidence because we agree that any such error would be harmless for the reasons given by the Appellate Court. Because the Appellate Court's well reasoned opinion fully addresses the certified question, it would serve no purpose for us to repeat the discussion contained therein. We therefore adopt the Appellate Court's opinion as the proper statement of the issue of harmlessness and the applicable law concerning that issue.[1] See, e.g., *Recall Total Information Management, Inc.* v. *Federal Ins. Co.*, 317 Conn.

46, 51, 115 A.3d 458 (2015).

The judgment of the Appellate Court is affirmed.

* This case originally was scheduled to be argued before a panel of this court consisting of Chief Justice Rogers and Justices Palmer, Eveleigh, McDonald, Robinson, D'Auria and Espinosa. Although Chief Justice Rogers was not present when the case was argued before the court, she has read the briefs and appendices, and listened to a recording of the oral argument prior to participating in this decision. The listing of justices reflects their seniority status on this court as of the date of oral argument.

[1] In response to the defendant's claims on appeal, the state argues, in part, that the trial court properly admitted the uncharged misconduct evidence as prior misconduct that was probative of the defendant's specific intent. The state asserts that the Appellate Court, in reaching a contrary conclusion, improperly applied a heightened standard for the admission of uncharged misconduct evidence, a standard not supported by the Connecticut Code of Evidence or the decisions of this court, which should alone control the admission of evidence. Because we affirm the Appellate Court's judgment on the ground that any error by the trial court was harmless, we do not consider whether the trial court properly admitted the evidence at issue. See *State* v. *Brunetti*, 279 Conn. 39, 77, 901 A.2d 1 (2006), cert. denied, 549 U.S. 1212, 127 S. Ct. 1328, 167 L. Ed. 2d 85 (2007). Nevertheless, we note that we do not necessarily share the state's view that the Appellate Court applied a heightened or improper standard. We do, however, agree with the state that the Connecticut Code of Evidence and this court's decisions alone govern the admission of evidence in our state courts.