******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

D'AURIA, J., with whom PALMER, J., joins, concurring in the judgment. I concur in this court's judgment affirming the conviction of the defendant, Pedro L. Miranda, of one count of murder in violation of General Statutes § 53a-54a. I agree fully with part I of that opinion. As to part II, I would not hold that the defendant failed to adequately preserve the claim that the trial court improperly permitted the victim's mother to testify that she had heard that the defendant was connected to the victim's disappearance. *Mather* v. *Griffin Hospital,* 207 Conn. 125, 138, 540 A.2d 666 (1988) (claim "distinctly raised" although "not well articulated"); see also *Fadner* v. *Commissioner of Revenue Services*, 281 Conn. 719, 729 n.12, 917 A.2d 540 (2007) (court will address issues " 'functionally' " raised in trial court). I believe that reviewing his claim would neither offend this court's preservation principles nor ambush either the trial court or the opposing party. I also do not agree that the defendant failed to adequately brief any part of his argument as to this claim. Because the defendant has not demonstrated that the scant evidence elicited from the victim's mother by the state's question resulted in harm, however, I concur in the majority's decision to affirm the trial court's judgment. See *State* v. *Urbanowski*, 327 Conn. 169, 172, 172 A.3d 201 (2017) (affirming judgment without reaching merits of defendant's evidentiary claim because lack of any demonstrated harm).

———————————