******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* GANG JIN
(AC 39893)

DiPentima, C. J., and Elgo and Flynn, Js.

*Syllabus*

The defendant, who had been convicted, pursuant to a guilty plea, of the crime of conspiracy to commit burglary in the third degree, appealed to this court from the judgment of the trial court denying his motion to open the judgment of conviction. The defendant, who claimed to be a legal permanent resident of the United States, sought to open the judgment of conviction to allow him to continue with his application for accelerated rehabilitation, and claimed that he had been denied the effective assistance of counsel because he had not been properly advised of the immigration benefits of accelerated rehabilitation. The trial court denied the motion to open, concluding that the defendant had withdrawn his application for accelerated rehabilitation as part of a plea agreement prior to the judgment of conviction and sentencing. *Held*:

1. The defendant's claims that the trial court improperly denied his application for the accelerated rehabilitation program and determined that he received the effective assistance of counsel were unavailing: it having been clear from the record that the court never ruled on the defendant's application for accelerated rehabilitation because it had been withdrawn at the proceeding during which he entered his guilty plea, the defendant could not now complain about a ruling that the court never made, and the court, which sentenced the defendant on the same date it accepted his guilty plea, was divested of jurisdiction at that time and, thus, lacked jurisdiction over the defendant's motion to open and to consider his claim of ineffective assistance of counsel; accordingly because the trial court lacked jurisdiction to consider the motion to open, it should have dismissed rather than denied that motion.

2. The defendant's claim, raised for the first time on appeal, that the trial court had jurisdiction to correct an illegal sentence pursuant to the applicable rule of practice (§ 43-22) was not reviewable; the defendant did not file a motion to correct an illegal sentence, which may be filed at any time to raise a claim of an illegal sentence, our rules of practice confer the authority to correct an illegal sentence on the trial court, which is in a superior position to fashion an appropriate remedy for an illegal sentence, and it was not appropriate to review the defendant's unpreserved claim of an illegal sentence for the first time on appeal.

Argued November 13, 2017—officially released January 9, 2018

*Procedural History*

Substitute information charging the defendant with the crime of burglary in the third degree, brought to the Superior Court in the judicial district of Hartford, geographical area number twelve, where the defendant was presented to the court, *Baldini, J.*, on a plea of guilty; judgment of guilty; thereafter, the court *Kwak, J.*, denied the defendant's motion to open the judgment, from which the defendant appealed to this court. *Improper form of judgment; judgment directed.*

*Nitor V. Egbarin*, for the appellant (defendant).

*James M. Ralls*, assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *Courtney M. Chaplin*, assistant state's attorney, for the appellee (state).

*Opinion*

DiPENTIMA, C. J. The defendant, Gang Jin, appeals from the denial of his motion to open the judgment of conviction,[1] after his guilty plea made pursuant to the *Alford* doctrine,[2] of conspiracy to commit burglary in the third degree in violation of General Statutes §§ 53a-103 and 53a-48. On appeal, the defendant claims that the court (1) improperly denied his application for the accelerated rehabilitation program pursuant to General Statutes § 54-56e[3] and (2) erred in determining that he had received the effective assistance of counsel. The state counters that, following the imposition of the defendant's sentence, the court lacked jurisdiction to consider the defendant's motion to open. Additionally, the state argues that the defendant's claim that the court retained jurisdiction because he had been sentenced in an illegal manner,[4] which was raised for the first time on appeal, fails because he challenges the "events prior to his conviction and guilty plea, rather than events at sentencing." The state further contends that the defendant's guilty plea, made pursuant to the *Alford* doctrine, waives all prior nonjurisdictional defects. We agree with the state that, following the imposition of the defendant's sentence, the court's jurisdiction terminated. Additionally, we decline to consider the defendant's claim of an illegal sentence because he failed to present this issue to the trial court via a motion to correct an illegal sentence. Finally, the form of the judgment is improper, and therefore we reverse the judgment and remand the case with direction to dismiss the defendant's motion to open.

The following facts and procedural history are relevant to our discussion. In an information dated April 3, 2014, the state charged the defendant with burglary in the second degree in violation of General Statutes § 53a-102, conspiracy to commit burglary in the second degree in violation of General Statutes §§ 53a-102 and 53a-48, possession of burglar's tools in violation of General Statutes § 53a-106 and attempt to commit larceny in the sixth degree in violation of General Statutes § 53a-125. On November 10, 2014, the defendant filed an application for accelerated rehabilitation.

The defendant, represented by Attorney Theodore A. Kowar, Jr., appeared before the court, *Baldini, J.*, on January 12, 2016. At the outset of this proceeding, the clerk confirmed the defendant's eligibility for accelerated rehabilitation. Kowar stated the defendant was withdrawing the application for accelerated rehabilitation. The prosecutor and Kowar informed the court that they had reached a plea agreement. Specifically, the defendant agreed to plead guilty to the substituted charge of conspiracy to commit burglary in the third degree in exchange for a five year sentence, execution suspended, and five years of probation.[5]

After canvassing the defendant,[6] the court found that plea was made knowingly and voluntarily with the assistance of competent counsel. It accepted the defendant's *Alford* plea and rendered a judgment of conviction. The court imposed the agreed-upon sentence of five years incarceration, execution suspended, and five years of probation.[7]

On November 7, 2016, the defendant, now represented by Attorney Nitor Egbarin, filed a motion to open the judgment. The defendant, who claimed to be a legal permanent resident of the United States, requested to have his case opened "to allow him to continue with his application for [accelerated rehabilitation] to which he is eligible." He further alleged that he had not been advised of the immigration benefits of the accelerated rehabilitation application, and that Kowar's withdrawal of that application "was neither a correct action nor correct legal advice," constituting a denial of his "right to effective assistance of counsel."

On November 22, 2016, the court, *Kwak*, *J.*, held a hearing on the defendant's motion. Egbarin requested that the court open the case to afford the defendant the opportunity to pursue his application for accelerated rehabilitation. The prosecutor, in an attempt to clarify any issues regarding the application for accelerated rehabilitation, noted that Judge Baldini had indicated in certain pretrial conversations that she would not find good cause to grant accelerated rehabilitation in this case.[8] Nevertheless, the defendant's application for accelerated rehabilitation, which was filed on November 10, 2014, remained pending until the January 12, 2016 hearing. At that hearing the defendant withdrew the application, pleaded guilty and was sentenced. Accordingly, the prosecutor reasoned the court's jurisdiction over the case terminated at that time. Thus, the prosecutor requested that the court deny the defendant's motion to open.

In response, Egbarin referred to his claim of ineffective assistance of counsel, and requested that Judge Kwak consider whether good cause existed with respect to the application for accelerated rehabilitation. Following a recess, the court issued its decision. It determined that the defendant withdrew his application for accelerated rehabilitation on January 12, 2016. It then denied the defendant's motion to open. Finally, it observed that "once a person has been sentenced, the court no longer has jurisdiction to vacate a plea. This is not the proper procedure. And a habeas is more—a habeas petition is more a proper procedure than to have the trial court [open] judgment."

On appeal, the defendant first claims that the court improperly denied his application for accelerated rehabilitation. Specifically, he argues that he was denied the opportunity to present evidence of good cause in

support of his application, that a person charged with a class C felony is eligible for accelerated rehabilitation upon a showing of good cause and that Judge Baldini improperly denied the application in chambers and not in open court.

These arguments suffer from two substantial flaws. First, the record is clear the Judge Baldini did not deny the defendant's application for accelerated rehabilitation. She never ruled on this application because the application was withdrawn at the January 12, 2016 proceeding where the defendant pleaded guilty pursuant to the *Alford* doctrine. Thus, the foundation for the defendant's arguments collapses because it is based on an action of the trial court that simply did not occur. Although we agree that the record suggests that Judge Baldini was inclined to deny the application for accelerated rehabilitation, that inclination is immaterial because the court never acted on the application for accelerated rehabilitation following the withdrawal of said application. Put another way, the defendant cannot now complain about a ruling that the court never made. See, e.g., *Durso* v. *Aquilino*, 64 Conn. App. 469, 475, 780 A.2d 937 (2001) (claim of error is not reviewable where objection to admission of evidence was withdrawn at trial); *State* v. *Rodriguez*, 10 Conn. App. 357, 358, 522 A.2d 1250 ("[i]t is axiomatic that, absent exceptional circumstances, *appellate review of all issues . . . [is limited] to those on which the trial court has had an opportunity to rule*" [emphasis added; internal quotation marks omitted]), cert. denied, 204 Conn. 804, 528 A.2d 1151 (1987).

Second, we agree with the state that the court lacked jurisdiction over the motion to open. The court sentenced the defendant on January 12, 2016, the same day it accepted his guilty plea. Under our well established law, the court was divested of jurisdiction at that time. Accordingly, it lacked the power to hear and determine the defendant's November 7, 2016 motion to open.

"The Superior Court is a constitutional court of general jurisdiction. In the absence of statutory or constitutional provisions, the limits of its jurisdiction are delineated by the common law. . . . It is well established that under the common law a trial court has the discretionary power to modify or vacate a criminal judgment before the sentence has been executed. . . . This is so because the court loses jurisdiction over the case when the defendant is committed to the custody of the commissioner of correction and begins serving the sentence. . . . *Because it is well established that the jurisdiction of the trial court terminates once a defendant has been sentenced, a trial court may no longer take any action affecting a defendant's sentence unless it expressly has been authorized to act.*" (Emphasis added; internal quotation marks omitted.)

*State* v. *Robles*, 169 Conn. App. 127, 132, 150 A.3d 687 (2016), cert. denied, 324 Conn. 906, 152 A.3d 544 (2017); see also *State* v. *Banks*, 321 Conn. 821, 830, 146 A.3d 1 (2016); *State* v. *Monge*, 165 Conn. App. 36, 41–42, 138 A.3d 450, cert. denied, 321 Conn. 924, 138 A.3d 284 (2016). We conclude, therefore, that the trial court lacked jurisdiction to consider the defendant's motion to open.

Next, we address the defendant's claim of ineffective assistance of counsel. He contends that Kowar was constitutionally ineffective by advising the defendant to withdraw his application for accelerated rehabilitation and to plead guilty pursuant to the *Alford* doctrine. Specifically, the defendant argues that Kowar failed to advise him that his guilty plea would subject him to removal from the United States and this failure violated his sixth amendment right to effective assistance of counsel pursuant to *Padilla* v. *Kentucky*, 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010).[9]

We again conclude that the court lacked jurisdiction to consider the defendant's claim of ineffective assistance of counsel.[10] We iterate that following the imposition of the defendant's sentence on January 12, 2016, the court was divested of jurisdiction. Accordingly, it was without the power to consider the defendant's claim of ineffective assistance of counsel that was raised in the November 7, 2016 motion to open.

Finally, the defendant argues, for the first time on appeal, that the trial court had jurisdiction, pursuant to Practice Book § 43-22, to correct that illegal sentence. Specifically, he contends that his sentence was imposed in an illegal manner, and therefore the court had jurisdiction to correct it at any time. As a general matter, § 43-22 "embodies a common-law exception that permits the trial court to correct an illegal sentence or other illegal disposition. . . . [I]n order for the court to have jurisdiction over a motion to correct an illegal sentence after the sentence has been executed, the sentencing proceeding [itself] . . . must be the subject of the attack. . . . [T]o invoke successfully the court's jurisdiction with respect to a claim of an illegal sentence, the focus cannot be on what occurred during the underlying conviction. . . .

"Connecticut courts have considered four categories of claims pursuant to [Practice Book] § 43-22. The first category has addressed whether the sentence was within the permissible range for the crimes charged. . . . The second category has considered violations of the prohibition against double jeopardy. . . . The third category has involved claims pertaining to the computation of the length of the sentence and the question of consecutive or concurrent prison time. . . . The fourth category has involved questions as to which sentencing statute was applicable. . . . [I]f a defendant's claim falls within one of these four categories, the trial court

has jurisdiction to modify a sentence after it has commenced. . . . If the claim is not within one of these categories, then the court must dismiss the claim for a lack of jurisdiction and not consider its merits." (Citations omitted; internal quotation marks omitted.) *State* v. *Robles*, supra, 169 Conn. App. 132–33.

In the present case, however, the defendant did not file a motion to correct an illegal sentence and instead raised his Practice Book § 43-22 claim for the first time on appeal. We recently have concluded that "it is inappropriate to review an illegal sentence claim that is raised for the first time on appeal. Our rules of practice confer the authority to correct an illegal sentence on the trial court, and that court is in a superior position to fashion an appropriate remedy for an illegal sentence. . . . Furthermore, the defendant has the right, at any time, to file a motion to correct an illegal sentence and raise [an illegal sentence] claim before the trial court. . . . *State* v. *Starks*, 121 Conn. App. 581, 592, 997 A.2d 546 (2010) (declining to review unpreserved claim of illegal sentence under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 [1989], or plain error doctrine embodied in Practice Book § 60-5); see also *Cobham* v. *Commissioner of Correction*, 258 Conn. 30, 38 n.13, 779 A.2d 80 (2001) (clarifying that judicial authority in context of Practice Book § 43-22 refers exclusively to trial court); *State* v. *Crump*, 145 Conn. App. 749, 766, 75 A.3d 758 ([i]t is not appropriate to review an unpreserved claim of an illegal sentence for the first time on appeal . . .), cert. denied, 310 Conn. 947, 80 A.3d 906 (2013); *State* v. *Brown*, 133 Conn. App. 140, 145–46 n.6, 34 A.3d 1007 (2012) (same), rev'd on other grounds, 310 Conn. 693, 80 A.3d 878 (2013)." (Internal quotation marks omitted.) *State* v. *Urbanowski*, 163 Conn. App. 377, 385, 136 A.3d 236 (2016), aff'd, 327 Conn. 169, A.3d (2017); see also *State* v. *Rivera*, 177 Conn. App. 242, 248–51, A.3d , (judicial authority to consider motion to correct illegal sentence is with trial court, not appellate courts of this state), petition for cert. filed (Conn. December 21, 2017) (No. 170342). We therefore decline to review the defendant's claim of an illegal sentence.[11]

Having determined that the court lacked subject matter jurisdiction to consider the motion to open, we conclude that the court should have dismissed rather than denied that motion.

The form of the judgment is improper, the judgment denying the motion to open is reversed, and the case is remanded with direction to render judgment dismissing the motion to open.

In this opinion the other judges concurred.

[1] The defendant captioned his motion as a "Motion to Reopen." "Although the motion was entitled a motion to reopen, we note that because the motion had not been opened previously, the use of that term is both improper and misleading. . . . The appropriate phrase is motion to open, and we reference it in this opinion accordingly. . . . *Rino Gnesi Co.* v. *Sbriglio*, 83

Conn. App. 707, 709 n.2, 850 A.2d 1118 (2004)." (Internal quotation marks omitted.) *State* v. *Wahab*, 122 Conn. App. 537, 539 n.2, 2 A.3d 7, cert. denied, 298 Conn. 918, 4 A.3d 1230 (2010).

[2] "Under *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), a criminal defendant is not required to admit his guilt . . . but consents to being punished as if he were guilty to avoid the risk of proceeding to trial. . . . A guilty plea under the *Alford* doctrine is a judicial oxymoron in that the defendant does not admit guilt but acknowledges that the state's evidence against him is so strong that he is prepared to accept the entry of a guilty plea nevertheless. . . . *Rodriguez* v. *Commissioner of Correction*, 167 Conn. App. 233, 234 n.1, 143 A.3d 630 (2016); *Misenti* v. *Commissioner of Correction*, 165 Conn. App. 548, 551–52 n.2, 140 A.3d 222, cert. denied, 322 Conn. 902, 138 A.3d 932 (2016)." (Internal quotation marks omitted.) *State* v. *Robles*, 169 Conn. App. 127, 128 n.1, 150 A.3d 687 (2016), cert. denied, 324 Conn. 906, 152 A.3d 544 (2017).

[3] "General Statutes § 54-56e provides in relevant part: (a) There shall be a pretrial program for accelerated rehabilitation of persons accused of a crime or crimes or a motor vehicle violation or violations for which a sentence to a term of imprisonment may be imposed, which crimes or violations are not of a serious nature. Upon application by any such person for participation in the program, the court shall, but only as to the public, order the court file sealed. . . ." (Internal quotation marks omitted.) *State* v. *Apt*, 319 Conn. 494, 500 n.5, 126 A.3d 511 (2015).

[4] Practice Book § 43-22 provides: "The judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner."

[5] The prosecutor set forth the following factual basis for the defendant's plea: "Your Honor, it appears that on or about April 2, 2014, in the town of Glastonbury, police responded to a report of a home—a residential burglary. Upon arriving they found a complainant indicating that there was a male who was attempting to enter into the home and the male was seen to be an Asian male, approximately twenty to thirty years of age; attempted to enter the home; entered the home, however, left the home after being scared away by, I believe, a resident of the home—homeowner.

"Another witness saw the Asian male going through the backyards of various homes and entering into a black vehicle which was later followed and stopped by police officers. Upon stopping that vehicle, police found the defendant to be a passenger of that vehicle and another individual . . . to be the driver of that vehicle. Inside the vehicle they found several burglary tools including a crowbar as well as a screwdriver and a black coat that had been described by a witness watching—who had observed the Asian male running through backyards and then subsequently entering that vehicle.

"It was found this defendant was a passenger in that vehicle . . . and that the two [individuals] had engaged in an agreement to go to that area to commit burglaries or a burglary to that home to retrieve funds that had a substantial or had a value knowing that this defendant [and the second individual] had previously known each other and [the second individual] owed the defendant money and therefore they engaged in this agreement to commit this burglary . . . ."

In light of these facts, the prosecutor subsequently persuaded the court that good cause existed to justify a five year period of probation.

[6] During the canvass, the court informed the defendant that if he was not a citizen of the United States, this conviction could result in deportation, exclusion from readmission or a denial of naturalization.

[7] The court also ordered the defendant to pay restitution and to not have any contact with the victims in this matter.

[8] General Statutes § 54-56e (c) provides in relevant part" "This section shall not be applicable . . . (5) unless good cause is shown, to (A) any person charged with a class C felony . . . ." We note that burglary in the second degree is a class C felony. See General Statutes § 53a-102 (b).

[9] In *Padilla* v. *Kentucky*, supra, 559 U.S. 356, the United States Supreme Court held that the "United States constitution requires an attorney for a criminal defendant to provide advice about the risk of deportation arising from a guilty plea." *Saksena* v. *Commissioner of Correction*, 145 Conn. App. 152, 157, 76 A.3d 192, cert. denied, 310 Conn. 940, 79 A.3d 892 (2013).

[10] As a general matter, our courts have recognized that the proper forum for a claim of ineffective assistance of counsel is an action seeking a writ of habeas corpus. *State* v. *Charles*, 56 Conn. App. 722, 729, 745 A.2d 842, cert. denied, 252 Conn. 954, 749 A.2d 1203 (2000); see also *State* v. *Bellamy*,

323 Conn. 400, 431, 147 A.3d 655 (2016) (habeas proceeding provides superior forum for claim of ineffective assistance of counsel because it provides opportunity for evidentiary hearing). "Absent the evidentiary hearing available in the collateral action, review in this court of the ineffective assistance claim is at best difficult and sometimes impossible. The evidentiary hearing provides the trial court with the evidence that is often necessary to evaluate the competency of the defense and the harmfulness of any incompetency." (Internal quotation marks omitted.) *State* v. *Charles*, supra, 729–30.

We note that, in the present case, a factual dispute arose at the hearing before Judge Kwak regarding whether Kowar had discussed the immigration consequences of the plea to the defendant. This disagreement exemplifies the reason why the strong preference for a habeas proceeding to resolve claims of ineffective assistance of counsel exists in our law.

[11] The defendant also argues that the trial court had jurisdiction because the sentence was void. This argument is based on his assumption that had the trial court properly applied § 54-56e (c) (5) and had it granted the application for accelerated rehabilitation, the defendant would not have received the sentence of five years incarceration, execution suspended, and five years of probation. Thus, the defendant contends that both the plea and the sentence were void. This reasoning is based upon speculation and ignores the realities of the case, that is, that the defendant withdrew his application for accelerated rehabilitation. Accordingly, we conclude that this argument is wholly without merit.

_____