******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* EARL ARNOLD
(AC 40489)

Bright, C. J., and Moll and Harper, Js.

*Syllabus*

The defendant, who had been convicted of the crimes of murder, kidnapping, capital felony, larceny in the first degree and robbery in the first degree and sentenced to a total effective term of seventy years of imprisonment without the possibility of parole, appealed from the judgment of the trial court denying in part his motion to correct an illegal sentence. At the hearing on his motion, the defendant, who was seventeen years old at the time he committed the crimes, claimed that his capital felony conviction and sentence had to be vacated because, under No. 15-84 of the 2015 Public Acts, individuals who were juveniles at the time of their offense no longer could be sentenced for capital felony and that the remainder of his sentence was illegal because the sentencing court violated the prohibition against double jeopardy by imposing his sentence for murder in conjunction with his sentence for capital felony. The trial court vacated the defendant's capital felony conviction and sentence but denied any further relief. *Held* that the defendant's claim, raised for the first time on appeal, that his right to due process was violated because the sentencing court relied on materially inaccurate information at his sentencing, namely, that it failed to recognize, as required by *Miller* v. *Alabama* (567 U.S. 460) and *State* v. *Riley* (315 Conn. 637), that juveniles are different from adults for purposes of sentencing, was not reviewable under *State* v. *Golding* (213 Conn. 233), the record having been inadequate for review.

Argued May 12—officially released July 20, 2021

*Procedural History*

Substitute information, in the first case, charging the defendant with the crimes of murder, kidnapping in the first degree and capital felony, and substitute information, in the second case, charging the defendant with the crimes of larceny in the first degree and robbery in the first degree, brought to the Superior Court in the judicial district of Waterbury, where the cases were consolidated and tried to the jury before *Glass, J.*; verdicts and judgments of guilty; thereafter, the court, *Fasano, J.*, denied in part the defendant's motion to correct an illegal sentence, and the defendant appealed. *Affirmed.*

*Adele V. Patterson*, senior assistant public defender, for the appellant (defendant).

*Matthew A. Weiner*, assistant state's attorney, with whom, on the brief, were *Maureen Platt*, state's attorney, and *John J. Davenport*, senior assistant state's attorney, for the appellee (state).

*Opinion*

BRIGHT, C. J. The defendant, Earl Arnold, appeals from the judgment of the trial court, *Fasano, J.*, denying in part his motion to correct an illegal sentence. On appeal, the defendant claims, for the first time, that his current sentence is illegal because the sentencing court relied on materially inaccurate information at his sentencing. We conclude that this claim is not reviewable and, accordingly, affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of this appeal. In August, 1983, the defendant, who was seventeen years old at the time, abducted the victim, Joanne DiChiara, as she was walking to her car after having dinner at a restaurant in Waterbury. The defendant then robbed the victim and, in the process, stabbed her in the neck. Thereafter, the defendant threw the victim into her car and drove to a wooded area, where he disposed of her body. Before leaving the woods, the defendant stabbed the victim twenty-four more times. The victim's body was eventually found, and, after a police investigation, the defendant was arrested. On the basis of this evidence, a jury found the defendant guilty of capital felony, intentional murder, kidnapping in the first degree, larceny in the first degree, and robbery in the first degree. The trial court accepted the jury's verdict and sentenced the defendant to a total effective term of seventy years of imprisonment without the possibility of parole.[1] Our Supreme Court affirmed the judgment of conviction on direct appeal. *State* v. *Arnold*, 201 Conn. 276, 288, 514 A.2d 330 (1986).

In 2014, the self-represented defendant filed a motion to correct an illegal sentence, alleging that under *Miller* v. *Alabama*, 567 U.S. 460, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012),[2] he was entitled to a resentencing hearing at which the sentencing court could consider his age at the time of the offenses in imposing a new sentence. In 2016, following the appointment of counsel, the defendant filed an amended motion[3] to correct an illegal sentence, again alleging that his sentence was unconstitutional under *Miller*, as well as under our Supreme Court's decision in *State* v. *Riley*, 315 Conn. 637, 110 A.3d 1205 (2015), cert. denied, 577 U.S. 1202, 136 S. Ct. 1361, 194 L. Ed. 2d 376 (2016).[4] The defendant's 2016 motion was dismissed after the General Assembly passed No. 15-84 of the 2015 Public Acts (P.A. 15-84),[5] which amended Connecticut's parole statute to provide parole hearings to juvenile offenders who had been convicted of crimes committed while they were under eighteen years of age and who were incarcerated on or after October 1, 2015, and received a sentence of more than ten years. Public Act 15-84, § 1, was codified at General Statutes § 54-125a.

In January, 2017, the defendant had a parole hearing

pursuant to P.A. 15-84. The parole board denied parole and gave the defendant a new hearing date for January, 2022.[6] Thereafter, in March, 2017, the defendant filed a third motion to correct an illegal sentence. This motion was dismissed initially, but the trial court later agreed to consider it,[7] and, on September 13, 2017, the trial court held a hearing on the motion. At the hearing, the defendant claimed that (1) his conviction and sentence for capital felony had to be vacated because, under P.A. 15-84, individuals who were juveniles at the time of their offense can no longer be sentenced for capital felony and (2) the remainder of his sentence was illegal because the sentencing court violated the prohibition against double jeopardy by imposing the defendant's sentence for murder in conjunction with his sentence for capital felony. The trial court agreed with the defendant's first claim and vacated his capital felony conviction and sentence. As to the defendant's second claim, the court denied any further relief. This appeal followed.

The defendant does not challenge in this appeal the court's rulings on either of the claims he argued in support of his third motion to correct an illegal sentence. Instead, for the first time on appeal, the defendant claims that his right to due process was violated when the sentencing court relied on materially inaccurate information at his sentencing. Specifically, the defendant alleges that the sentencing court, *Glass, J.*, erroneously relied on a misapprehension when it failed to recognize, as now required by *Miller* v. *Alabama*, supra, 567 U.S. 479, and *State* v. *Riley*, supra, 315 Conn. 645, that juveniles are different from adults for the purposes of sentencing.[8] The defendant requests review pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), as modified by *In re Yasiel R.*, 317 Conn. 773, 781, 120 A.3d 1188 (2015). We conclude that this claim is not reviewable under *Golding*.[9]

"Pursuant to *Golding*, a defendant can prevail on a claim of constitutional error not preserved at trial only if all of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation . . . exists and . . . deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any one of these conditions, the defendant's claim will fail. . . . *State* v. *Golding*, supra, 213 Conn. 239–40; see also *In re Yasiel R.*, [supra, 317 Conn. 781] (modifying third prong of *Golding*)." (Emphasis omitted; internal quotation marks omitted.) *State* v. *Weatherspoon*, 332 Conn. 531, 548 n.9, 212 A.3d 208 (2019). "The appellate tribunal is free, therefore, to respond to the defendant's claim by focusing on whichever condition is most relevant in the particular circumstances." (Internal quotation marks

omitted.) *State* v. *Papantoniou*, 185 Conn. App. 93, 102–103, 196 A.3d 839, cert. denied, 330 Conn. 948, 196 A.3d 326 (2018).

We conclude that the defendant's due process claim is unreviewable because it fails under the first prong of *Golding*. "[D]ue process precludes a sentencing court from relying on materially untrue or unreliable information in imposing a sentence." *State* v. *Parker*, 295 Conn. 825, 843, 992 A.2d 1103 (2010); see also *State* v. *Thompson*, 197 Conn. 67, 77, 495 A.2d 1054 (1985) (defendant "may not be sentenced on the basis of improper factors or erroneous information"). To prevail on such a claim, it is not enough for the defendant to allege that the sentencing court relied on false or inaccurate information. *State* v. *Parker*, supra, 843. Instead, the defendant must show (1) that the information was materially false or inaccurate and (2) that the sentencing court relied on that information. Id. "[A] claim that the trial court improperly denied a defendant's motion to correct an illegal sentence is [typically] reviewed pursuant to the abuse of discretion standard." (Internal quotation marks omitted.) *State* v. *Francis*,      Conn.     ,    , 
    A.3d     (2021). Because this claim was not argued before the trial court, there are no findings of fact as to whether the sentencing court materially relied on false or inaccurate information when sentencing the defendant. Also absent from the record are any findings regarding what misapprehensions the sentencing court might have had about juvenile offenders and whether the court relied on those misapprehensions when sentencing the defendant. Consequently, the record is inadequate for us to determine whether the trial court abused its discretion in denying the defendant's third motion to correct an illegal sentence. In fact, given that the trial court was never presented with the argument that the defendant now raises on appeal, we fail to see how we could conclude that the court abused its discretion as to an issue on which it was never asked to exercise its discretion.

We are unpersuaded by the defendant's argument that the sentencing transcript provides adequate facts to support a conclusion that the sentencing court imposed its sentence on the basis of misapprehensions about sentencing juveniles. Specifically, the defendant claims that the sentencing court expressed such misapprehensions when it (1) remarked that " 'all of us' " have criminal impulses and (2) linked the defendant's criminal actions to impulsive and reckless behavior. With this argument, the defendant essentially requests that we find facts and draw inferences solely on the basis of a few of the sentencing court's remarks. "It is axiomatic that this court does not make factual determinations"; *State* v. *Player*, 58 Conn. App. 592, 596, 753 A.2d 947 (2000); and we will not do so here. Cf. *State* v. *Francis*, supra,      Conn.      n.9 (proper focus of appeal from denial of motion to correct illegal sentence

is whether trial court considering motion, not sentencing court, abused its discretion when denying motion).

We also are not convinced by the defendant's argument that his due process claim is "one of law . . . on which it would add nothing to interpose a ruling by the trial court." The defendant is correct that this court properly can make conclusions of law that the trial court never made or was asked to make. See *State* v. *Torres*, 230 Conn. 372, 379, 645 A.2d 529 (1994). We, however, can make such legal conclusions only if "the factual record is adequate to provide the basis for such a conclusion." Id. In the present case, as previously explained, the factual record is inadequate for the purposes of deciding the defendant's due process claim.

Furthermore, the record is devoid of any information concerning the defendant's January, 2017 parole hearing, the parole board's decision, the factors that the parole board considered in reaching its decision, or the defendant's eligibility for future parole hearings. Given the absence of that information and the lack of necessary fact-finding, the record is inadequate to review the defendant's unpreserved constitutional claim. Specifically, we cannot determine if the defendant's due process rights were addressed adequately through the parole process. See *State* v. *Golding*, supra, 213 Conn. 240 ("[i]f the facts revealed by the record are insufficient, unclear or ambiguous as to whether a constitutional violation has occurred, we will not attempt to supplement or reconstruct the record, or to make factual determinations, in order to decide the defendant's claim").

We therefore are unable to review the defendant's due process claim under *Golding* because the record is inadequate.[10] Of course, our conclusion does not preclude the defendant from filing another motion to correct an illegal sentence and raising the same due process claim raised for the first time in this appeal. By doing so, an appropriate evidentiary record can be created for review of such a claim.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Under Connecticut law, this sentence constitutes a sentence of life imprisonment. See General Statutes § 53a-35b ("[a] sentence of life imprisonment means a definite sentence of sixty [or more] years").

[2] In *Miller* v. *Alabama*, supra, 567 U.S. 479, the United States Supreme Court held that "the [e]ighth [a]mendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." The court in *Miller* further noted that an offender's age is relevant in determining "the appropriateness of a lifetime of incarceration without the possibility of parole." Id., 473.

[3] It is unclear from the record whether the defendant's 2014 motion ever was considered by the trial court or if the motion was withdrawn when the defendant filed his amended motion to correct an illegal sentence in 2016.

[4] In *Riley*, our Supreme Court held that, when an offender is under the age of eighteen, the sentencing court must consider the offender's age before imposing a sentence of life without parole. *State* v. *Riley*, supra, 315 Conn. 658; see id. (listing features of offender's age that court must consider when sentencing juveniles).

[5] In *Montgomery* v. *Louisiana*, 577 U.S. 190, 212, 136 S. Ct. 718, 193 L. Ed. 2d 599 (2016), the United States Supreme Court held that the rule created in *Miller* v. *Alabama*, supra, 567 U.S. 479, applied retroactively to individuals who had been sentenced as juveniles to life in prison without the possibility of parole. The court also stated that its holding "does not require [s]tates to relitigate sentences . . . in every case where a juvenile offender received mandatory life without parole." *Montgomery* v. *Louisiana*, supra, 212. Instead, states could remedy existing *Miller* violations simply by permitting juvenile offenders "to be considered for parole . . . ." Id. That was what the General Assembly did when it passed P.A. 15-84. In 2016, in *State* v. *Delgado*, 323 Conn. 801, 810–13, 151 A.3d 345 (2016), our Supreme Court held that P.A. 15-84 was constitutional under the eighth amendment to the United States constitution and that providing an opportunity for parole to those who previously had been sentenced as juveniles to life without parole sufficiently negated any violations created by the retroactive application of the rule established in *Miller*. See also *State* v. *Williams-Bey*, 167 Conn. App. 744, 763, 144 A.3d 467 (2016) ("for juvenile offenders who were entitled to be, but were not, sentenced with consideration of the mitigating factors of youth as required by *Miller*, [an opportunity for parole under P.A. 15-84] offers a constitutionally adequate remedy under the eighth amendment to those who qualify for parole under its provisions."), aff'd, 333 Conn. 468, 215 A.3d 711 (2019). More recently, our Supreme Court held in *State* v. *McCleese*, 333 Conn. 378, 387, 421–22, 428–29, 215 A.3d 1154 (2019), that P.A. 15-84 adequately remedies any unconstitutional sentence under the state constitution, is consistent with separation of powers principles embodied in the state constitution, and did not violate the defendant's right to equal protection. In *McCleese*, the defendant also raised, for the first time in his reply brief, a claim that the parole remedy provided under P.A. 15-84 violated his federal constitutional right to due process. Id., 424. The court concluded that the claim was inadequately briefed. Id. Despite this conclusion, the court noted: "Nevertheless, we emphasize that our holdings in *Delgado* and the present case are premised on P.A. 15-84, § 1, as enacted. It is on the basis of this legislation that we hold that any *Miller* violation has been negated and that there are no separation of powers violations." Id., 424–25.

[6] Because the defendant did not raise his due process claim before the trial court, the record does not contain any information about the defendant's parole hearing. Nevertheless, the state included such information in its appellate brief, and the defendant does not dispute that a parole hearing occurred, that he was denied parole, and that a new hearing was scheduled for 2022.

[7] After the trial court denied the defendant's 2016 motion to correct an illegal sentence, the defendant filed a motion for reconsideration, which the trial court also denied. The defendant then filed a motion for articulation concerning the court's denial of the motion for reconsideration. The state objected to that motion, and the trial court sustained the objection. The defendant thereafter filed a motion for review with this court, which granted the motion and ordered the trial court to explain its reasoning for the denial of the defendant's motion for reconsideration. In response, the trial court, which initially had denied the defendant's 2017 motion to correct an illegal sentence, agreed to vacate that denial and to hear the merits of the defendant's 2017 motion, which largely paralleled the issues that the defendant had raised in his motion for reconsideration.

[8] See footnotes 2 and 4 of this opinion.

[9] This court previously has held that "it is inappropriate to review an illegal sentence claim that is raised for the first time on appeal." (Internal quotation marks omitted.) *State* v. *Jin*, 179 Conn. App. 185, 195, 179 A.3d 266 (2018); see also *State* v. *Starks*, 121 Conn. App. 581, 592, 997 A.2d 546 (2010) (it is not proper for Appellate Court to review motions to correct illegal sentence under *Golding* because defendant has right, at any time, to file motion to correct illegal sentence before trial court). In *State* v. *McCleese*, 333 Conn. 378, 425 n.23, 215 A.3d 1154 (2019), and *State* v. *Evans*, 329 Conn. 770, 809 n.27, 189 A.3d 1184 (2018), cert. denied,    U.S.    , 139 S. Ct. 1304, 203 L. Ed. 2d 425 (2019), however, our Supreme Court reviewed motions to correct an illegal sentence under *Golding*. Because we are bound by the decisions of that court; see *Stuart* v. *Stuart*, 297 Conn. 26, 45–46, 996 A.2d 259 (2010); we will consider the defendant's claim under *Golding*.

[10] Even if we were to reach the merits of the defendant's due process claim, it is likely that the claim, as briefed, would still fail under *Golding*'s third prong. It is unclear whether the defendant is making a substantive or procedural due process claim. To the extent that the defendant is making

a procedural due process claim, his briefs contain no reference to the balancing test set forth in *Mathews* v. *Eldridge*, 424 U.S. 319, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976), and are therefore inadequate on this issue. See *State* v. *McCleese*, supra, 333 Conn. 424. In the alternative, if the defendant is making a substantive due process claim, we struggle to see how the parole remedy created by P.A. 15-84 violates substantive due process, given that (1) the eighth amendment to the United States constitution expressly addresses the defendant's due process concerns; see *Kitchen* v. *Whitmer*, 486 F. Supp. 3d 1114, 1132–33 (E.D. Mich. 2020); and (2) both the United States Supreme Court and our Supreme Court have held that the parole remedy is constitutional under the eighth amendment. See footnote 5 of this opinion.

————————————————