******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************************

STATE OF CONNECTICUT *v.* COREY TURNER
(AC 44806)

Bright, C. J., and Elgo and Cradle, Js.

*Syllabus*

The defendant, who had been convicted of the crimes of murder and assault
in the first degree, appealed to this court from the judgment of the trial
court dismissing his motion to correct an illegal sentence. At the time the
defendant committed the crimes, he was twenty-one years old. Following
trial, the defendant was sentenced to sixty years of incarceration. In
his motion to correct, the defendant argued that his right to due process
was violated when the court made assumptions at his sentencing pro-
ceeding regarding his future rehabilitative potential that were materially
false when contrasted with the brain science underlying the continuous
growth and development of young adults during late adolescence. He
also contended that he was entitled to a resentencing hearing because
the due process clause of the fourteenth amendment to the United States
constitution permitted him to present evidence demonstrating that juve-
nile criminal records are not indicative of rehabilitation potential. The
court dismissed the motion to correct, concluding that the defendant
failed to state a colorable claim for relief under *Miller* v. *Alabama* (567
U.S. 460), and its progeny. On the defendant's appeal to this court, *held*:
1. Although the trial court erred in holding that the defendant failed to state
   a colorable claim for relief, the defendant could not prevail on his motion
   to correct an illegal sentence: because the defendant's claim relied on
   the theory of youth related brain science set forth in *Miller* and its
   progeny for purposes of sentence mitigation, the defendant properly
   invoked the trial court's subject matter jurisdiction as his claim chal-
   lenged his sentence or sentence proceedings and not the underlying
   conviction, his claim having been predicated on the theory that the court
   impermissibly failed to properly consider his potential for rehabilitation
   when imposing the sentence of incarceration; moreover, it is well settled
   that a defendant who was an adult at the time he committed the offense
   for which he was sentenced could not succeed on a federal constitutional
   claim that he was entitled to be resentenced based on the youth related
   brain science underlying *Miller* and its progeny, and, here, the defendant
   was twenty-one years of age when he committed the underlying offenses;
   accordingly, because the defendant stated a colorable claim properly
   invoking the court's subject matter jurisdiction, but could not prevail
   on his motion to correct an illegal sentence, the court should have
   denied rather than dismissed his motion.
2. The defendant could not prevail on his claim that he was entitled to an
   evidentiary hearing to present expert testimony on juvenile brain science
   in support of his motion to correct; although the defendant relied on a
   state case, *State* v. *Miller* (186 Conn. App. 654), in which it was contended
   that the state constitution could be interpreted as permitting youth
   related sentencing mitigation for defendants above the age of eighteen,
   the defendant's state constitutional due process claim was not advanced
   in either his appellate brief or at oral argument on appeal, and, therefore,
   the claim was abandoned.

Argued May 17—officially released August 23, 2022

*Procedural History*

Substitute information charging the defendant with
the crimes of murder and assault in the first degree,
brought to the Superior Court in the judicial district of
Hartford and tried to the jury before *Koletsky, J.*; verdict
and judgment of guilty, from which the defendant
appealed to the Supreme Court, which affirmed the
judgment of the trial court; thereafter, the court, *Gra-
ham, J.*, dismissed the defendant's motion to correct

an illegal sentence, and the defendant appealed to this court. *Improper form of judgment*; *reversed*; *judgment directed.*

*Corey Turner*, self-represented, the appellant (defendant).

*Jordan C. Levin*, certified legal intern, with whom were *Michele C. Lukban*, senior assistant state's attorney, and, on the brief, *Sharmese L. Walcott*, state's attorney, and *Vicki Melchiorre*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

CRADLE, J. The self-represented defendant, Corey Turner, appeals from the judgment of the trial court dismissing his motion to correct an illegal sentence pursuant to Practice Book § 43-22. On appeal, the defendant claims (1) that the court erred in dismissing his motion to correct an illegal sentence, in which he alleged that the sentencing court made materially false assumptions about his potential for rehabilitation, for failure to state a colorable claim, and (2) he is entitled to an evidentiary hearing to present expert testimony on juvenile brain science in support of his motion to correct. We agree with the defendant's contention that the court improperly dismissed his motion to correct on the ground that he failed to state a colorable claim but, nevertheless, conclude that the defendant was not entitled to a new sentencing hearing on the basis of the ground alleged in his motion. Additionally, we disagree with the defendant's assertion that he was entitled to an evidentiary hearing. Accordingly, the form of the trial court's judgment is improper in that the court should have denied, rather than dismissed, the defendant's motion to correct an illegal sentence.

The record reflects the following relevant procedural history. On August 8, 1997, the defendant was convicted, following a jury trial, of murder in violation of General Statutes § 53a-54a, and assault in the first degree in violation of General Statutes § 53a-59. At the time he committed the underlying offenses in 1995, the defendant was twenty-one years old.

On October 10, 1997, the court, *Koletsky, J.*, held a sentencing hearing. At the hearing, the court noted: "Your record is not the worst I've seen, but it indicates a very poor rehabilitative potential. You're bright and you're able, but you have yet to demonstrate any willingness to live within the norms of our society, and that makes you a dangerous item on the street. The nature of the crime itself is vicious; it's premeditated; it's an ugly crime. It's a murder by ambush and an assault by ambush, from behind in the middle of the night—midnight. And it's on a crowded, active street, with people all around. There is no more—there is no crime that attacks the very fabric of society, where people are entitled to live on a street without bullets suddenly flying through the air. The crime is serious indeed." After considering these factors, the court sentenced the defendant to sixty years of incarceration. Our Supreme Court affirmed the judgment of conviction on direct appeal. *State* v. *Turner*, 252 Conn. 714, 750, 751 A.2d 372 (2000).

On September 3, 2019, the defendant filed a motion to correct an illegal sentence, pursuant to Practice Book § 43-22.[1] The defendant subsequently filed an amended motion on February 23, 2021, in which he argued that

"[t]he sentencing court's conclusion that the defendant's prior criminal history was an indicator of his future rehabilitative potential . . . [was] a materially false assumption rendering the entire sentencing procedure invalid as a violation of due process."[2] Citing *United States* v. *Malcolm*, 432 F.2d 809, 816 (2d Cir. 1970), the defendant claimed that, "when contrasted with the brain science underlying the continuous growth and development of young adults during late adolescence, the sentencing court's assumptions regarding the defendant's future rehabilitative potential [were] materially false in violation of his right to due process." (Footnote omitted.) The defendant contended that he was entitled to a resentencing hearing because the due process clause of the fourteenth amendment to the United States constitution requires that he be permitted to introduce evidence, including expert testimony, demonstrating that juvenile criminal records are not indicative of rehabilitative potential.

The state filed its response to that motion on March 26, 2021, in which it countered that the sentencing court acted within its discretion in conducting an inquiry into the defendant's prior criminal record and relied only on materially accurate facts therefrom. Further, the state argued that *Miller* v. *Alabama*, 567 U.S. 460, 480, 132 S. Ct. 2455, 183 L.Ed.2d 407 (2012)—which requires that a sentencing court consider youth related mitigating factors if it imposes a sentence of life imprisonment, or its functional equivalent, without parole, on a juvenile defendant—did not apply to the defendant because he was twenty-one years old at the time of the offense.

After hearing argument from both parties on March 31, 2021, the court, *Graham, J.*, dismissed the motion to correct, concluding that "the sentencing court properly relied upon the defendant's criminal record." The court explained: "In essence, the defendant has focused on only one factor out of multiple factors that the sentencing court used to determine his sentence and the defendant has done so to the exclusion of the others. The defendant argues that the court was subjectively wrong in its conclusion, but has not challenged the accuracy of his prior criminal record, which was a factual predicate for the sentencing court's conclusion.

"The defendant has tried to do, what I will characterize, as use the side door into a *Miller* argument. However, the defendant was twenty-one years of age at the time of the crime, an age which entitles him to no special consideration under the *Miller* line of cases.

"In short, the defendant has failed to state a colorable claim for relief with regard to his sentence falling within the parameters of Practice Book [§] 43-22. Therefore, the court has no choice but to dismiss his motion to correct." (Citation omitted.) This appeal followed.

We begin by setting forth the relevant standard of

review and relevant legal principles. "The issue of whether a defendant's claim may be brought by way of a motion to correct an illegal sentence, pursuant to Practice Book § 43-22, involves a determination of the trial court's subject matter jurisdiction and, as such, presents a question of law over which our review is plenary." (Footnote omitted; internal quotation marks omitted.) *State* v. *Vivo*, 197 Conn. App. 363, 368–69, 231 A.3d 1255 (2020).

Our Supreme Court recently clarified the jurisdictional requirements to raise a colorable claim in a motion to correct an illegal sentence. "A trial court generally has no authority to modify a sentence but retains limited subject matter jurisdiction to correct an illegal sentence or a sentence imposed in an illegal manner. . . . Practice Book § 43-22 codifies this common-law rule. . . . Therefore, we must decide whether the defendant has raised a colorable claim within the scope of Practice Book § 43-22 . . . . In the absence of a colorable claim requiring correction, the trial court has no jurisdiction . . . ." (Footnote omitted; internal quotation marks omitted.) *State* v. *Myers*, 343 Conn. 447, 459, 274 A.3d 100 (2022). "[T]o raise a colorable claim within the scope of Practice Book § 43-22, the legal claim and factual allegations must demonstrate a possibility that the defendant's claim challenges his or her sentence or sentencing proceedings, not the underlying conviction. The ultimate legal correctness of the claim is not relevant to our jurisdictional analysis." *State* v. *Ward*, 341 Conn. 142, 153, 266 A.3d 807 (2021).[3] "[T]he jurisdictional and merits inquiries are separate; whether the defendant ultimately succeeds on the merits of his claim does not affect the trial court's jurisdiction to hear it." (Internal quotation marks omitted.) *State* v. *Myers*, supra, 459. Stated otherwise, where a defendant's motion to correct "plausibly [challenges] the defendant's sentence," that claim is "colorable," and the court has subject matter jurisdiction over that claim *even where* "*the* [*claim has*] *no merit*." (Emphasis added.) Id., 459–60.

On appeal, the defendant claims that the court improperly dismissed his motion to correct an illegal sentence for failure to state a colorable claim.[4] Because the defendant's motion to correct plausibly challenged his sentence, rather than his underlying conviction, we agree that the court had jurisdiction to consider the defendant's motion to correct an illegal sentence and, therefore, that the dismissal was improper. See *State* v. *Ward*, supra, 341 Conn. 153. Indeed, the defendant's claim is predicated upon the theory that the sentencing court impermissibly failed to properly consider his potential for rehabilitation when imposing the sixty year sentence of incarceration. Under *Ward*, this meets the threshold for subject matter jurisdiction. See id. Although we conclude that the defendant has set forth a colorable claim properly invoking the trial court's

subject matter jurisdiction, we further conclude that, because the defendant's claim relies on the theory of youth related brain science set forth in *Miller* and its progeny, for purposes of sentence mitigation, he cannot prevail on his motion to correct an illegal sentence.[5]

We begin with the holding in *Miller* and how it has been applied by our Supreme Court and this court. *Miller* highlighted that "developments in psychology and brain science continue to show fundamental differences between juvenile and adult minds—for example, in parts of the brain involved in behavior control. . . . [The Supreme Court of the United States] reasoned that those findings—of transient rashness, proclivity for risk, and inability to assess consequences—both lessened a child's moral culpability and enhanced the prospect that, as the years go by and neurological development occurs, his deficiencies will be reformed." (Citation omitted; footnote omitted; internal quotation marks omitted.) *Miller* v. *Alabama*, supra, 567 U.S. 471–72. As a result, "[i]n *Miller* . . . the United States Supreme Court held that the [e]ighth [a]mendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders."[6] (Citation omitted; internal quotation marks omitted.) *State* v. *Arnold*, 205 Conn. App. 863, 865 n. 2, 259 A.3d 716, cert. denied, 339 Conn. 904, 260 A.3d 1225 (2021). Our Supreme Court subsequently held "that the dictates set forth in *Miller* may be violated even when the sentencing authority has discretion to impose a lesser sentence than life without parole if it fails to give due weight to evidence that *Miller* deemed constitutionally significant before determining that such a severe punishment is appropriate." *State* v. *Riley*, 315 Conn. 637, 653, 110 A.3d 1205 (2015), cert. denied, 577 U.S. 1202, 136 S. Ct. 1361, 194 L. Ed. 2d 376 (2016).

It is well settled that a defendant who was an adult at the time he committed the offense for which he was sentenced cannot succeed on a federal constitutional claim that he is entitled to be resentenced based upon the brain science of *Miller*, even without relying on the precise holding of that case. See *State* v. *Mukhtaar*, 179 Conn. App. 1, 4, 177 A.3d 1185 (2017).[7] In *Mukhtaar*, the defendant was twenty years old at the time of his underlying offense, and acknowledged that the federal constitutional protections afforded to juveniles under the holding of *Miller* did not apply to him. Id., 3, 4. However, the defendant stated that he was not relying on the precise holding of *Miller* but, rather, "based [his constitutional claims] on the brain science underlying that case." (Internal quotation marks omitted.) Id., 4. "In his motion to correct, the defendant asserted that *Miller* should be extended to apply to adult defendants whose mental age, at the time of the crime, was not substantially different from that of juveniles." Id., 7. This court rejected the defendant's argument under the eighth amendment to the United States constitution,

noting that "the brain science referenced in *Miller*, upon which the defendant seeks to rely, also emphasized the differences between juveniles and adults." (Internal quotation marks omitted.) Id., 8. This court concluded that only juvenile offenders could avail themselves of a federal constitutional argument based on the brain science of *Miller*, and clarified that "juvenile offenders" refers "to persons who committed a crime when they were younger than eighteen years of age." (Internal quotation marks omitted.) Id., 7. Because the defendant in *Mukhtaar* was twenty years old at the time he committed the crime for which he was sentenced, this court concluded that the defendant was not entitled to consideration of the mitigating factors of youth at the time of sentencing and, thus, was precluded from raising an argument based on the brain science underlying *Miller*. Id., 9. Resultantly, this court concluded that his arguments brought under the eighth *and* fourteenth amendments to the United States constitution were barred because the defendant was not a juvenile offender. Id., 3 n.1, 9.

In the present case, there is no dispute that the defendant's claim is predicated on the brain science underlying *Miller*. Indeed, the defendant argues that the sentencing court erred in "explicitly [relying] upon [his] criminal record as an indicator of his future rehabilitative prospects" and claims that "when contrasted with the brain science underlying the continuous growth and development of young adults during late adolescence, the sentencing court's assumptions regarding the defendant's future rehabilitative potential was materially false . . . ." (Internal quotation marks omitted.) He also expressly acknowledges that his claim may 'bear a striking similarity to' a *Miller* claim insofar as both claims are grounded in the same brain science . . . ." Allowing the defendant to present evidence pertaining to juvenile brain science for the purpose of mitigating the negative effect his criminal record had on his sentence would, in effect, allow him to bring a youth based mitigation argument as an adult, which is exactly what this court proscribed in *Mukhtaar*. See *State* v. *Mukhtaar*, supra, 179 Conn. App. 9. Because the defendant was twenty-one years of age at the time he committed the crime for which he was sentenced, he cannot succeed on a claim to correct an illegal sentence predicated on the theory of juvenile brain science set forth under *Miller* and its progeny. See id., 3 n.1, 4, 9.

Finally, we address the defendant's claim that he is entitled to an evidentiary hearing based on this court's decision in *State* v. *Miller*, 186 Conn. App. 654, 200 A.3d 735 (2018). The defendant in *State* v. *Miller*, supra, 662–63, filed a motion to correct an illegal sentence that attempted to raise an issue of first impression that— although the mandate of youth related sentencing mitigation under the eighth amendment to the United States constitution was limited to offenders under the age of

eighteen—the *Connecticut state constitution* could be interpreted as permitting such sentencing mitigation for defendants above the age of eighteen. The trial court, sua sponte, denied the defendant's motion to correct an illegal sentence without a hearing. Id., 656. On appeal, this court agreed with the defendant that "the trial court improperly denied his motion to correct an illegal sentence without first providing him an opportunity to be heard on the motion." Id., 658. Furthermore, this court concluded that, "[i]n order to pursue this novel claim,[8] including any subsequent appellate review thereof, the defendant . . . was entitled to make an evidentiary record of any facts that would be relevant to it, including evidence of the underlying brain science that would justify treating a nineteen year old like a seventeen year old." (Footnote added.) Id., 663.

The defendant in the present case briefly mentioned our state constitution in his motion to correct. However, unlike in *State* v. *Miller*, supra, 186 Conn. App. 662, the defendant's state constitutional due process claim was not advanced in either his appellate brief or at oral argument on appeal.[9] Therefore, that claim is abandoned. See *State* v. *Buhl*, 321 Conn. 688, 724, 138 A.3d 868 (2016) (appellate courts are not required to review issues that have been abandoned by way of insufficient analysis in appellant's brief). Therefore, the defendant was not entitled to an evidentiary hearing.

In sum, because the defendant stated a colorable claim by demonstrating "a possibility that the [defendant] . . . [challenged his] sentence or sentencing proceedings, not the underlying conviction," the court had subject matter jurisdiction over his motion. *State* v. *Ward*, supra, 341 Conn. 153. Therefore, the court should have denied, rather than dismissed, the defendant's motion to correct.[10] See *State* v. *Myers*, supra, 343 Conn. 468.

The form of the judgment is improper, the judgment dismissing the defendant's motion to correct an illegal sentence is reversed and the case is remanded with direction to render judgment denying the defendant's motion to correct an illegal sentence.

In this opinion the other judges concurred.

[1] Practice Book § 43-22 provides: "The judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner."

[2] A public defender was appointed as defense counsel, but, on October 30, 2019, the public defender filed a motion for permission to withdraw his appearance. The motion was granted on January 14, 2020. The defendant was self-represented for the filing of the amended motion to correct an illegal sentence.

[3] We note that neither party addressed *State* v. *Ward*, supra, 341 Conn. 142, or *State* v. *Myers*, supra, 343 Conn. 447, in their briefs to this court. *Ward* was officially released two weeks after the defendant filed his appellant's brief, and *Myers* was officially released after the oral argument.

[4] "We emphasize that a Superior Court traditionally loses jurisdiction over a criminal case once the defendant begins serving a sentence; a motion to correct pursuant to Practice Book § 43-22 is an exception. Few categories

of claims qualify for consideration under that exception." *State* v. *Mukhtaar*, 179 Conn. App. 1, 8-9, 177 A.3d 1185 (2017). Among those exceptions are claims alleging cruel and unusual punishment concerning life sentences without parole for juveniles; see id., 7–8; and claims alleging due process violations manifested by a sentencing court's reliance on materially false information. See *State* v. *Belcher*, 342 Conn. 1, 13, 268 A.3d 616 (2022).

The defendant argues that he is advancing a due process claim rather than a claim under *Miller* v. *Alabama*, supra, 567 U.S. 460. We note that at least one member of our Supreme Court has alluded to the possibility that a defendant might have a due process claim based on a sentencing court's reliance on materially false information pertaining to the brain science of juvenile offenders. See *State* v. *McCleese*, 333 Conn. 378, 429, 215 A.3d 1154 (2019) (*Palmer, J.*, concurring) (noting that "when a juvenile is sentenced to life in prison or its functional equivalent—even if the juvenile is later afforded the opportunity for parole in satisfaction of the requirements of the eighth amendment" to United States constitution, any principles of fairness violated thereby are rooted "in the due process clauses of the federal and state constitutions"). Nevertheless, that possibility was recognized only as to *juvenile* defendants. Id. (defendant was seventeen years old when he committed offense).

[5] Typically, if we determine that a court improperly dismissed a case for lack of subject matter jurisdiction, we will remand the case for a consideration of the merits. In this case, however, the court determined that it did not have subject matter jurisdiction precisely because it concluded that, on the merits, the defendant had failed to set forth a colorable claim. Furthermore, because the defendant's claim fails as a matter of law, a remand for further consideration of the merits would serve no useful purpose.

[6] *Montgomery* v. *Louisiana*, 577 U.S. 190, 212, 136 S. Ct. 718, 193 L. Ed. 2d 599 (2016) clarified that the doctrine announced in *Miller* applied retroactively to individuals sentenced to life without parole. However, it further stated that *Miller* did not require courts to relitigate every such sentence, and permitted remedy for the aforementioned violations of the eighth amendment to the United States constitution by allowing juvenile offenders to be considered for parole. Id. We recently noted that our Supreme Court subsequently held, in *State* v. *Delgado*, 323 Conn. 801, 810–13, 151 A.3d 345 (2016), that No. 15-84 of the 2015 Public Acts, "providing an opportunity for parole to those who previously had been sentenced as juveniles to life without parole," was constitutional, because it "sufficiently negated any violations created by the retroactive application of the rule established in *Miller*." *State* v. *Arnold*, 205 Conn. App. 863, 866 n.5, 259 A.3d 716, cert. denied, 339 Conn. 904, 260 A.3d 1225 (2021).

[7] In *State* v. *Mukhtaar*, supra, 179 Conn. App. 9, this court reversed a judgment denying a motion to correct an illegal sentence on the ground that it failed to state a colorable claim and therefore should have been dismissed. Although the jurisdictional conclusions in *Mukhtaar* have proven incorrect in light of our Supreme Court's recent decisions in *State* v. *Ward*, supra, 341 Conn. 153, and *State* v. *Myers*, supra, 343 Conn. 459–60, the substantive analysis proscribing youth related sentencing mitigation claims brought with regard to nonjuvenile offenses remains good law.

[8] This novel claim remains undecided by any Connecticut court.

[9] We note that the defendant also did not meaningfully pursue his state constitutional claim before the trial court.

[10] See footnote 5 of this opinion.